**Virgil BUTLER, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 94–1194.**

United States Court of Veterans Appeals.

June 12, 1996.

Virgil Butler, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Amy S. Gordon, were on the brief for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Judges.

NEBEKER, Chief Judge:

The appellant, Virgil Butler, appeals an August 8, 1994, Board of Veterans' Appeals (Board or BVA) decision finding that he had not submitted new and material evidence to reopen claims for service connection for a throat disability and a cardiovascular disability, and finding that those claims, filed in 1976 and 1977 respectively, were not then or thereafter well grounded. After considering the record on appeal, and the briefs of the parties, the Court will affirm the Board's decision for the reasons below.

## I. FACTS

The appellant had active service from May 1956 to May 1958. Record (R.) at 45. His service medical records were destroyed by fire at the National Personnel Records Center in 1973. R. at 59. In January 1976, the appellant filed a claim for service connection for a throat condition, indicating that he had been treated for his throat at Fort Polk in 1956, 1957, or 1958. R. at 54–57. The VA regional office (RO) requested and received private medical records indicating that the appellant had been diagnosed with hypertrophic tonsillitis and had had a tonsillectomy in March 1969. R. at 64–68. The RO denied the appellant's claim in November 1976. R. at 74–75. He appealed that decision to the BVA, which issued a decision in March 1977 denying service connection for postoperative residuals of a tonsillectomy. R. at 91–93.

In April 1977, the appellant submitted another claim for a throat condition and a new claim for service connection for a heart condition, indicating that he had been treated in

the service for a heart condition at Fort Leonard Wood, Missouri, in 1956. R. at 95–98. The appellant submitted medical records, one of which, dated March 1979, noted, "Trouble with throat since discharge from service...." R. at 107. The RO denied service connection for a heart condition in August 1977. R. at 117, 132. In 1989, the appellant requested that both of his claims be reopened. R. at 152–53. The RO responded that the Board's decision regarding his throat condition was final. R. at 155. The appellant then stated that his tonsillectomy in 1969 had been occasioned by injury to his throat in service in October 1957, and his heart condition stemmed from injury in 1956 at Fort Leonard Wood, Missouri. R. at 157. In September 1989, the RO wrote to the appellant explaining that the September 1977 decision regarding his heart condition was final, and he needed to submit new and material evidence to reopen. R. at 165. The RO explained, "Medical evidence that describes your disability as it is now is not considered to be new and material. The best type of evidence would be statements from doctors who treated you during or shortly after service. Or you may send statements from persons who served with you or knew of your condition when it arose." *Ibid.*

The RO accepted correspondence from the appellant in October 1989 as a Notice of Disagreement, and sent him a Statement of the Case. *See* R. at 162–64, 167, 169–72. Sent to the RO from the nursing home where the appellant resided, a VA form indicated that the appellant had been admitted on November 14, 1989, because he was unable to care for himself due to a paranoid delusional disorder. R. at 177. In November 1990, the appellant wrote to the RO explaining that he was unable to report for any medical examination because he was confined to a nursing home. R. at 180. In a letter dated December 29, 1990, the appellant stated, "I don't know to [sic] much about appeal. All I know is I would like to continue with the appeal rights and I don't have any new evidence." R. at 185. In April 1991, the RO received a statement from the appellant suggesting that he would like to continue his appeal regarding his heart condition. R. at 194. The RO asked the appellant to clarify whether he was

appealing the RO's recent denial of non-service-connected pension, denial of service connection for a throat condition, or denial of service connection for a heart condition. R. at 197–98. In May 1991, the appellant wrote the RO, "I have been seeing the doctor for my heart condition. There is great pains incurred on the infiltration course in 1956 the same pains." R. at 200.

In September 1991, the RO denied the appellant's claim for service connection for a heart condition, because he had not submitted new evidence to reopen his claim. R. at 205. The appellant responded that his heart condition had begun on the infiltration course in May 1956 and his throat condition had begun in 1957 at Fort Polk, Louisiana, when he received a karate chop to his throat from Clyde J[ones?]. R. at 207. He also stated that he was being treated for his heart condition by VA doctors and his throat had been examined in Chicago. *Ibid.* The RO considered the appellant's letter a Notice of Disagreement, and issued a Statement of the Case. R. at 212, 213–15. In his substantive appeal to the Board, the appellant listed a hospital, the "V.A. West Hosp[.]," where he had been treated for his heart condition, and the name of a doctor who had treated him. R. at 219–20. The RO obtained treatment records from the VA Westside Medical Center. In his application dated August 1991 for medical care at the VA Westside Medical Center, the appellant had given as history that he had been having heart pains off and on since 1956. R. at 227. He was given a consultation with a doctor who noted a history of coronary artery disease and prescribed Motrin for his chest pain. R. at 229, 231. Additional records dated December 1991 from the VA Westside Medical Center indicate that his chest pain was controlled with Motrin. R. at 233.

In February 1992, the RO denied the appellant's attempt to reopen his claim for a heart condition. R. at 237–38. The appellant submitted another Statement in Support of Claim, and the RO again denied his claims for service connection for a throat condition and a heart condition because the appellant had not submitted any new and material evidence. R. at 245–46. The appellant sub-

mitted another Statement in Support of Claim, indicating that he had been treated for a heart condition at "Tinely [sic] Park and Elgin Mental Health by Dr. Nicole and [for his] throat at Manteno." R. at 248. The Board decision now on appeal followed. The Board found that not only had the appellant failed to submit new and material evidence, but that the appellant's original claims were not well grounded.

## II. ANALYSIS

After ruling out new and material evidence, the BVA addressed the question of whether the appellant's claims were well grounded and concluded that they were not. As the issue presented to the Board was whether the appellant had submitted new and material evidence, this case, therefore, presents us with the question whether the Board erred in finding that the appellant had never submitted well-grounded claims where his claims had previously been denied.

█ This Court reviews de novo the question of whether new and material evidence has been submitted to reopen a claim. *Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992).

> "New" evidence is that which is not merely cumulative of other evidence of record. "Material" evidence is that which is relevant to and probative of the issue at hand and which ... must be of sufficient weight or significance (assuming its credibility) that there is a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome.

*Cox v. Brown*, 5 Vet.App. 95, 98 (1993) (citations omitted). By statute, a previously denied claim may not be reopened in the absence of new and material evidence. *See* 38 U.S.C. §§ 7104(b) ("Except as provided in section 5108 of this title, when a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered."), 7105(c) ("[i]f no notice of disagreement is filed in accordance with this chapter within the prescribed period, the action or determination [of an RO] shall become final and the claim will not thereafter be reopened or allowed, except as may other-

wise be provided by regulations not inconsistent with this title"); *Suttmann v. Brown*, 5 Vet.App. 127, 135 (1993) (applying § 5108 to claim denied by final RO decision); *see also* 38 U.S.C. § 5108 ("If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim").

█ After reviewing all of the evidence submitted since the last final denial on the merits, the Court holds there is no new and material evidence submitted in the instant case. *Graves v. Brown*, 8 Vet.App. 522, 524 (1996). The only new medical evidence submitted with regard to the appellant's claim for a throat condition is the March 1979 medical record which noted that the appellant had had trouble with his throat since discharge from the service. However, it is clear that this statement was only a recitation of what the appellant had told the hospital personnel, and therefore the statement is not material. *See LeShore v. Brown*, 8 Vet.App. 406, 409 (1995) ("Evidence which is simply information recorded by a medical examiner, unenhanced by any additional medical comment by that examiner, does not constitute 'competent medical evidence' satisfying the *Grottveit* [*v. Brown*, 5 Vet.App. 91, 93 (1993)] requirement"). The appellant's statement that he had been treated at Fort Polk for his throat as the result of a karate chop in October 1957 is new in that he previously could not remember the exact date. *Compare* R. at 56 *with* R. at 157. However, it is not material because it is not probative of a causal link between the appellant's service and a present condition. It is not probative because the appellant is not competent to opine regarding medical matters. *Moray v. Brown*, 5 Vet.App. 211, 214 (1993). The appellant's statements are also not material because they do not present "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). The appellant's history of intermittent heart pains since 1956, as related in the 1991 VA Westside Medical Center records, is also clearly only a recitation by the appellant and is not material. The 1991 VA Westside

Medical Center records which indicated that the appellant had been treated for chest pain and had a history of coronary artery disease are new, but in no way link any cardiovascular condition with service. Therefore, they are not material. *Colvin, supra; LeShore, supra.* Thus, the appellant did not meet the threshold to reopen his claims.

The fact that the Board reached behind the reopening effort to examine the sufficiency of the original claims, i.e., well-groundedness, has a new significance in light of a recent decision of the United States Court of Appeals for the Federal Circuit. *Barnett v. Brown,* 83 F.3d 1380 (Fed.Cir. 1996). That decision teaches that the Board must preliminarily decide that new and material evidence has been presented in a case it has previously adjudicated, before addressing the merits of the claim. *Barnett,* 83 F.3d at 1384. This is a mandatory jurisdictional requirement. 38 U.S.C. § 5108. Moreover, once the Board finds that no such evidence has been offered, that is where the analysis must end. *Barnett v. Brown,* 8 Vet.App. 1, 4 (1995), *aff'd* 83 F.3d 1380. The Board's review of the evidence of record is necessary to determine whether new and material evidence has been submitted, but a "review [of] the former disposition of the claim" (§ 5108, *supra* ) by the Board is beyond its jurisdiction. *Barnett,* 83 F.3d at 1384 (holding "that the Board does not have jurisdiction to consider a claim which it previously adjudicated unless new and material evidence is presented"); *see also McGinnis v. Brown,* 4 Vet.App. 239, 244 (1993) (Board reopening is unlawful when new and material evidence has not been submitted).

In the present case, the Board did not err in concluding that no new and material evidence had been submitted. Further analysis, beyond the evaluation of whether the evidence submitted in the effort to reopen is new and material, is neither required, nor permitted. *Barnett,* 83 F.3d at 1384. Accordingly, that part of the Board's ruling pertaining to whether the appellant's original claims were well grounded, is a legal nullity.

Finally, we hold that there was no failure in VA's statutory duty to inform the appellant of information or evidence necessary to complete his application for VA benefits. 38 U.S.C. § 5103(a) ("If a claimant's application for benefits under the laws administered by the Secretary is incomplete, the Secretary shall notify the claimant of the evidence necessary to complete the application"); *see Graves,* 8 Vet.App. at 525 (holding the duty to notify applicable under certain circumstances to proceedings to reopen previously disallowed claims). In *Graves,* remand was necessary because VA was on notice of evidence which might have proven to be new and material. Here, the appellant told the RO in April 1992 that he had been treated for a heart condition at "Tinely [sic] Park and Elgin Mental Health by Dr. Nicole and [for his] throat at Manteno." R. at 248. It does not appear from a review of the record that these records were obtained by the RO. But the appellant's statement that he had received treatment at two particular places, at some point in time, makes no suggestion that his treatment there resulted in any competent evidence to reopen. Therefore, VA did not have a duty to inform him that those treatment records were necessary to complete his application, and remand is not required.

## III. CONCLUSION

Accordingly, the Board's decision denying reopening of the appellant's claims is AFFIRMED.