http://www.va.gov/vetapp16/Files6/1644942.txt

Citation Nr: 1644942 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 15-20 284 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma

THE ISSUES

1. Whether new and material evidence has been submitted to reopen the previously denied claim of entitlement to service connection for an acquired psychiatric disorder.

2. Entitlement to service connection for an acquired psychiatric disorder, to include as secondary to the service-connected bilateral hearing loss and service-connected tinnitus.

3. Entitlement to service connection for non-Hodgkin's lymphoma, to include as secondary to in-service herbicide exposure.

4. Entitlement to service connection for chronic lymphocytic leukemia, to include as secondary to in-service herbicide exposure.

5. Entitlement to service connection for ischemic heart disease, to include as secondary to in-service herbicide exposure.

6. Entitlement to a total rating based on individual unemployability due to the service-connected disabilities (TDIU).

REPRESENTATION

Veteran represented by: Robert C. Brown, Jr., Attorney

WITNESSES AT HEARING ON APPEAL

The Veteran and his daughter

ATTORNEY FOR THE BOARD

Shauna M. Watkins, Counsel

INTRODUCTION

The Veteran served on active duty from June 1968 to June 1972. 

The Veteran's claims come before the Board of Veterans' Appeals (Board) on appeal from May 2014, September 2014, and July 2015 rating decisions of the U.S. Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.

In September 2016, the Veteran was afforded his requested Board videoconference hearing before the undersigned Veterans Law Judge (VLJ). A copy of the hearing transcript has been associated with the claims file. 

The Board notes that additional pertinent lay and photographic evidence was submitted into the record following the most recent readjudication of the service connection claims by the Agency of Original Jurisdiction (AOJ) in the May 2015 and May 2016 Statements of the Case (SOCs). To date, these records have not been reviewed by the AOJ, and no waiver from the Veteran or his representative was received. However, the Board finds that the Veteran is not prejudiced by this lack of review by the AOJ, as all of the service connection claims are being granted in full in this decision. Thus, a waiver for this evidence is not necessary at this time. 38 C.F.R. §§ 20.800, 20.1304 (2015).

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record, in addition to the Veteran's Virtual VA paperless claims file.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The issue of entitlement to a TDIU is addressed in the REMAND portion of the decision below and is REMANDED to the AOJ.

FINDINGS OF FACT

1. An unappealed July 1999 rating decision denied service connection for mental condition.

2. The evidence pertaining to the Veteran's acquired psychiatric disorder submitted subsequent to the July 1999 rating decision was not previously submitted, relates to an unestablished fact necessary to substantiate the claim, and raises a reasonable possibility of substantiating the claim.

3. There is persuasive competent and credible medical and lay evidence that shows that the Veteran's current acquired psychiatric disorder is etiologically related to his service-connected bilateral hearing loss and tinnitus.

4. The Veteran has a current diagnosis of non-Hodgkin's lymphoma.

5. The Veteran has a current diagnosis of chronic lymphocytic leukemia.

6. The Veteran has a current diagnosis of ischemic heart disease.

7. The Veteran served on land in Vietnam during the requisite period; thus, he is presumed to have been exposed to herbicides during his active military service.

CONCLUSIONS OF LAW

1. The RO's July 1999 rating decision that denied service connection for a mental condition is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.1103 (2015).

2. New and material evidence has been submitted to reopen the Veteran's claim for service connection for an acquired psychiatric disorder. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2015).

3. Service connection for an acquired psychiatric disorder, as secondary to the service-connected bilateral hearing loss and service-connected tinnitus, is established. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2015).

4. Service connection for non-Hodgkin's lymphoma on a presumptive basis is established. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1116, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2015).

5. Service connection for chronic lymphocytic leukemia on a presumptive basis is established. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1116, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2015).

6. Service connection for ischemic heart disease on a presumptive basis is established. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1116, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

In light of the fully favorable determinations in this case, no further discussion of compliance with VA's duty to notify and assist is necessary. 

I. New and Material Evidence Claim

The Veteran seeks to reopen his previously denied claim of entitlement to service connection for an acquired psychiatric disorder.

The RO reopened the Veteran's previously denied claim of entitlement to service connection for a mental condition in the July 2015 rating decision at issue - determining he had submitted new and material evidence to warrant reopening the claims. The Board also must make this threshold preliminary determination as to whether new and material evidence has been submitted, before proceeding further, because it affects the Board's jurisdiction to reach the underlying claims for service connection and adjudicate them on the merits on a de novo basis. See Barnett v. Brown, 83 F.3d 1380, 1383-4 (Fed. Cir. 1996); see also Bulter v. Brown, 9 Vet. App. 167, 171 (1996). If the Board finds that new and material evidence has not been submitted, then its analysis must end, as further analysis is neither required nor permitted. See Barnett, 83 F.3d at 1383-4.

By way of history in a July 1999 rating decision, the RO denied service connection for a mental condition. He was advised of his appellate rights in a letter dated in August 1999. The Veteran's mental condition claim was denied because the claim was not well-grounded. The Veteran did not appeal this decision and it became final. 38 U.S.C.A. § 7105; 38 C.F.R. § 20.1103.

If, however, new and material evidence is presented or secured with respect to a claim that has been denied, and not appealed, VA must reopen the claim and review its former disposition. 38 U.S.C.A. § 5108.

In April 2015, the Veteran filed a claim to reopen his previously denied claim for service connection for an acquired psychiatric disorder. Claims received on or after August 29, 2001, shall be reopened and reviewed if "new and material" evidence is presented or secured. Evidence is considered "new" if it was not of record at the time of the last final disallowance of the claim. "Material" evidence is evidence that relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial and must raise a reasonable possibility of substantiating the claim. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a). 

In determining whether evidence is "new and material," the credibility of the evidence in question must be presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992); but see Duran v. Brown, 7 Vet. App. 216 (1994) ("Justus does not require the Secretary [of VA] to consider the patently incredible to be credible").

In Shade v. Shinseki, 24 Vet. App. 110, 118 (2010), the United States Court of Appeals for Veterans Claims (Court) stated that when determining whether the submitted evidence meets the definition of new and material evidence, VA must consider whether the new evidence could, if the claim were reopened, reasonably result in substantiation of the claim. Id. Thus, pursuant to Shade, evidence is new if it has not been previously submitted to agency decision makers and is material if, when considered with the evidence of record, it would at least trigger VA's duty to assist by providing a medical opinion, which might raise a reasonable possibility of substantiating the claim. Id.

The following evidence has been added to the record since the July 1999 denial: a military Certificate of Appreciation, VA treatment records, photographs, VA examinations, a QTC VA examination and medical opinions, and lay statements. This evidence is new because it has not previously been submitted. See Evans v. Brown, 9 Vet. App. 273 (1996) (indicating the evidence to be considered in making this new and material determination is that added to the record since the last final denial on any basis). 

This new evidence is also material to the claim. The claim was previously denied because it was found to not be well-grounded. Since that time, the May 2015 QTC VA examination provided a positive medical nexus opinion regarding the acquired psychiatric disorder and the Veteran's service-connected disabilities. This bears directly and substantially upon the specific matter under consideration. This evidence is significant and must be considered in order to fairly decide the merits of the claim. For these reasons, the Veteran's claim of entitlement to service connection for an acquired psychiatric disorder is reopened.

II. Service Connection for an Acquired Psychiatric Disorder 

The Veteran asserts that he has an acquired psychiatric disorder that is related to his service-connected bilateral hearing loss and/or service-connected tinnitus. 

For secondary service connection to be granted, generally there must be: (1) medical evidence of a current disorder; (2) evidence of a service-connected disability; and, (3) medical nexus evidence establishing a connection between the service-connected disability and the current disorder. See Wallin v. West, 11 Vet. App. 509, 512 (1998). When service connection is thus established for a secondary condition, the secondary disability shall be considered a part of the original disability. 38 C.F.R. § 3.310; see Harder v. Brown, 5 Vet. App. 183, 187 (1993). Additional disability resulting from the aggravation of a non-service-connected disability by a service-connected disability is also compensable under 38 C.F.R. 
§ 3.310(a). See Allen v. Brown, 7 Vet. App. 439, 448 (1995). 

At a May 2015 QTC VA examination, the Veteran was diagnosed with depressive disorder. The Veteran is also currently service-connected for bilateral hearing loss and tinnitus. Therefore, the first and second Wallin elements have clearly been satisfied. 

The only thing that remains to be established is whether the Veteran's current depressive disorder was caused or aggravated by his service-connected bilateral hearing loss and/or service-connected tinnitus. 

In this regard, the Veteran was afforded a QTC VA examination and medical opinion in May 2015 on this issue. Following a review of the Veteran's claims file and a physical examination of the Veteran, the VA examiner determined that the Veteran's currently diagnosed depressive disorder was at least as likely as not (50 percent or greater probability) proximately due to his service-connected tinnitus, in addition to his medical conditions of leukemia, heart disease, hearing loss, glaucoma, and arthritis pain. In an addendum medical opinion provided that same month, the examiner opined that if all other health conditions were to be disregarded, the Veteran's severe depressive disorder would still be at least as likely as not due to/secondary to his service-connected tinnitus and hearing loss. There is no contrary medical evidence in the claims file. Thus, the nexus element has been established. 

As each of the three Wallin elements has been met, service connection for an acquired psychiatric disorder, as secondary to the service-connected bilateral hearing loss and service-connected tinnitus, is warranted.

III. Remaining Service Connection Claims

The Veteran claims that his non-Hodgkin's lymphoma, chronic lymphocytic leukemia, and ischemic heart disease are due to exposure to herbicides while serving on land in the Republic of Vietnam (Vietnam) during the Vietnam War. 

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of: (1) a current disorder; (2) an in-service incurrence or aggravation of a disease or injury; and, (3) a nexus between the claimed in-service disease or injury and the present disorder. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). 

However, a veteran who served in Vietnam during the Vietnam era shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service. 38 U.S.C.A. § 1116(f). Ischemic heart disease, non-Hodgkin's lymphoma, and all chronic B-cell leukemias, to include chronic lymphocytic leukemia, are recognized enumerated presumptive diseases set forth in 38 C.F.R. § 3.309(e) pertaining to herbicide exposure. 

Here, the Veteran was diagnosed with non-Hodgkin's lymphoma in an August 2014 VA treatment record. He was diagnosed with chronic lymphocytic leukemia in a VA Medical Center current diagnosis list dated in November 2013. He was diagnosed with ischemic heart disease in a January 2015 VA treatment record.

The Veteran's personnel records document that he was awarded the Vietnam Service Medal for his service during the Vietnam War. His personnel records show that he served in Thailand during the Vietnam War. At his September 2014 Board hearing, the Veteran testified that he flew from Edwards Air Force Base in the United States to Bangkok, Thailand, on a chartered commercial airliner during his active military service. As part of this flight, the Veteran had a layover at the Tan Son Nhut Air Force Base in Vietnam. He testified that the passengers were told they were flying into Vietnam while they were on the plane. During the layover in Vietnam, the Veteran and the other passengers departed the airplane and stood on the runway while the airplane refueled and loaded cargo. Thus, the Veteran asserts that he served on land in Vietnam during the Vietnam War.

The Board finds the Veteran's lay statements to be competent and credible. During his hearing before the Board, the Veteran provided a detailed account of his circumstances of service. This included a stopover in Vietnam at the Tan Son Nhut airbase. He also provided a detailed account of his duties at the Takhli Royal Thai Air Force base. In giving the Veteran the benefit of the doubt, the Board finds that the Veteran served on land in Vietnam during the requisite period. He is thus presumed to have been exposed to herbicides during his active military service. 

Therefore, there being a presumption of herbicide exposure, and current diagnoses of ischemic heart disease, non-Hodgkin's lymphoma, and chronic lymphocytic leukemia, all of which VA regulations list among the list of diseases presumptively linked to herbicide exposure, the Board finds that service connection for ischemic heart disease, non-Hodgkin's lymphoma, and chronic lymphocytic leukemia is warranted.

ORDER

New and material evidence having been submitted, the Veteran's claim of entitlement to service connection for an acquired psychiatric disorder is reopened.

The claim of entitlement to service connection for an acquired psychiatric disorder, as secondary to the service-connected bilateral hearing loss and service-connected tinnitus, is granted.

The claim of entitlement to service connection for non-Hodgkin's lymphoma, as secondary to in-service herbicide exposure, is granted.

The claim of entitlement to service connection for chronic lymphocytic leukemia, as secondary to in-service herbicide exposure, is granted.

The claim of entitlement to service connection for ischemic heart disease, as secondary to in-service herbicide exposure, is granted.

REMAND

In this decision, the Board granted service connection for non-Hodgkin's lymphoma, ischemic heart disease, acquired psychiatric disorder, and chronic lymphocytic. The AOJ has not been afforded the opportunity to assign disability ratings for these now service-connected disabilities. As the Veteran does not currently meet the requirements for a schedular TDIU, the adjudication of the newly granted service connection claims must be completed prior to the adjudication of the Veteran's TDIU claim. This is because adjudication of the service connection claims will affect adjudication of the TDIU claim. See Tyrues v. Shinseki, 23 Vet. App. 166, 177 (2009) (en banc) (explaining that claims are inextricably intertwined where the adjudication of one claim could have a significant impact on the adjudication of another claim).

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Adjudicate and assign disability ratings for the service connection grants, as described in this Board decision.

2. Then, readjudicate the TDIU issue. If the benefit sought remains denied, issue to the Veteran and his representative a Supplemental Statement of the Case, and afford them the appropriate period of time within which to respond thereto. The case should be returned to the Board for further appellate review, if in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs