Citation Nr: 1719095 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 14-29 166 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim for entitlement to service connection for a right ear hearing loss disability.

2. Entitlement to service connection for bilateral hearing loss. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

L. Bush, Associate Counsel 




INTRODUCTION

The Veteran served on active duty in the U.S. Marine Corps from September 1974 to April 1978. He was discharged under conditions other than honorable. An administrative hearing was held regarding the character of the Veteran's discharge. It was determined that the Veteran's discharge was not under dishonorable conditions and that he was eligible for VA benefits. See September 1978 Administrative Decision. 

This matter comes to the Board of Veterans Appeals (Board) on appeal from an April 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 


FINDINGS OF FACT

1. In February 1994, the RO denied entitlement to service connection for right ear hearing loss; the Veteran did not submit a Notice of Disagreement, no new and material evidence was submitted within one year of the final rating decision, and the rating decision became final. 

2. The evidence received since the final February 1994 rating decision is not cumulative or redundant of the evidence of record, does relate to an unestablished fact, and does raise a reasonable possibility of substantiating the Veteran's claim of entitlement to service connection for a right ear hearing loss disability.

3. The Veteran has a current bilateral hearing loss disability for VA purposes, there is competent and credible evidence that he experienced noise exposure during military service, and the evidence is at least in relative equipoise as to whether the Veteran's bilateral hearing loss is causally related to service. 




CONCLUSIONS OF LAW

1. The February 1994 rating decision denying service connection for right ear hearing loss is final. 38 U.S.C.A. §7105 (West 2014); 38 C.F.R. §3.104, 20.302 (2016). 

2. Evidence received since the February 1994 rating decision is new and material and the claim of entitlement to service connection for right ear hearing loss is reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2016).

3. Resolving all doubt in the Veteran's favor, the criteria for service connection for bilateral hearing loss have been met. 38 U.S.C.A. §§ 1110, 1131, 1154, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

As provided by the Veterans Claims Assistance Act of 2000 (VCAA), VA has duties to notify and assist a claimant in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016).

With regard to VA's duty to assist the Veteran, the claims file contains all pertinent service treatment records (STRs), post-service treatment records, and lay statements in support of the claim. Additionally, the Veteran was afforded a VA examination. 

Neither the Veteran nor his representative has identified, and the record does not otherwise suggest, any additional existing evidence that is necessary for a fair adjudication of this claim that has not been obtained and that is obtainable. He has received all essential notice, has had a meaningful opportunity to participate effectively in the development of this claim, and is not prejudiced by any technical notice deficiency along the way. See Conway v. Principi, 353 F.3d 1369 (Fed. Cir. 2004). VA's duties to notify and assist him with the claim have been satisfied. Therefore, the Veteran will not be prejudiced as a result of the Board proceeding to the merits of the claim. 

II. New and Material Evidence

Rating decisions are final and binding based on evidence on file at the time the claimant is notified of the decision and may not be revised on the same factual basis except by a duly constituted appellate authority. 38 C.F.R. § 3.104(a). The claimant has one year from notification of a RO decision to initiate an appeal by filing a notice of disagreement with the decision, and the decision becomes final if an appeal is not perfected within the allowed time period. 38 U.S.C.A. § 7105; 38 C.F.R. §§ 3.160, 20.201, 20.302 (2016). 

To reopen a claim, new and material evidence must be presented or secured. 38 U.S.C.A. § 5108 (West 2014). "The Board does not have jurisdiction to consider [the previously adjudicated claim] unless new and material evidence is presented, and before the Board may reopen such a claim, it must so find." Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001). The Board is neither required nor permitted to analyze the merits of a previously-disallowed claim if new and material evidence is not presented or secured. Butler v. Brown, 9 Vet. App. 167, 171 (1996). When determining whether a claim should be reopened, the credibility of the newly- submitted evidence is presumed. See Justus v. Principi, 3 Vet. App. 510 (1992). 

"New" evidence is defined as existing evidence not previously submitted to agency decisionmakers. "Material" evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010).

The Veteran's original claim for service connection for right ear hearing loss was denied in February 1994. The evidence of record at the time of the decision consisted of the Veteran's STRs and personnel records, a VA hospital admissions report, and the Veteran's statement in support of his claim. 

Thereafter, in October 2012 the Veteran sought to re-open the service connection claims for right ear hearing loss. In an August 2013 rating decision, the RO re-opened the claim but denied it on the merits. The Veteran timely filed perfected this appeal. 
 
As this is a threshold jurisdictional question for the Board, the Board must decide the matter on appeal, regardless of how the RO ruled on the question of reopening. Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001) (reopening after a prior unappealed RO denial).

Upon de novo review of the record, the Board finds that new and material evidence has been received since the adjudication of the final February1994 rating decision. 

The record now includes additional medical evidence, notably an additional a VA examination, medical opinions, and private treatment records. The Board finds that this evidence is new as it was not previously of record and tends to relate to two previously unestablished facts: clinical diagnosis of a disability and a nexus between the Veteran's military service and his current disabilities, both of which are necessary to substantiate the underlying claim of service connection. These records will be presumed credible for the purpose of reopening the claims. Consequently, the claim of entitlement to service connection for right ear hearing loss is reopened. 

III. Service Connection for Bilateral Hearing Loss

In order to establish entitlement to service connection for a claimed disability, the facts must demonstrate that a disease or an injury resulting in current disability was incurred in active military service in the line of duty or, if pre-existing service, was aggravated during service beyond its natural progression. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303 (a). Service connection may be granted for any disease diagnosed after discharge when the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303 (d). 

Service connection on a direct-incurrence basis requires competent and credible evidence showing: (1) the Veteran has the alleged disability or, at the very least, indicating she has at some point since the filing of his claim; (2) in-service incurrence or aggravation of a relevant disease or an injury; and (3) a causal relationship or nexus between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004), citing Hansen v. Principi, 16 Vet. App. 110, 111 (2002). 

Evidence of continuity of symptomatology from the time of service until the present is required where the chronicity of a condition manifested during service either has not been established or is legitimately questionable. 38 C.F.R. § 3.303 (b). This alternative means of linking the currently-claimed condition to service is only available if the condition being claimed is one of those specifically identified in 38 C.F.R. § 3.309 (a) as chronic, per se. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

Sensorineural hearing loss also is eligible for presumptive service connection - as an organic disease of the nervous system - if shown to have manifested to a compensable degree (meaning to at least 10-percent disabling) within one year of the Veteran's separation from service. However, this presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307; 3.309(a).

Further concerning claims for hearing loss, the threshold for normal hearing is from 0 to 20 decibels; higher threshold levels indicate some degree of hearing loss. See Hensley v. Brown, 5 Vet. App. 155, 157 (1993) (citing Current Medical Diagnosis & Treatment, Stephen A. Schroeder, et. al. eds., at 110-11 (1988)). But impaired hearing only will be considered to be an actual ratable disability when the auditory threshold in any of the frequencies of 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of these frequencies are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

However, the Court has held that § 3.385 does not preclude service connection for a current hearing loss disability where hearing was within normal audiometric testing limits at time of separation from service. See Hensley, 5 Vet. App. at 159. The Court explained that, when audiometric test results do not meet the regularity requirements for establishing a "disability" at the time of the Veteran's separation from service, he nevertheless may establish entitlement to service connection for a current hearing loss disability by submitting competent and credible evidence showing the current disability is causally related to his service, as opposed to other ("intercurrent") causes. Id. at 160. See also Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992).

The Veteran maintains that he suffers from bilateral hearing loss due to exposure to hazardous noise during his military service. While in service, his military operational specialty (MOS) was that of a field artillery batteryman. See DD Form 214. 

The Veteran's service treatment records do not reveal any complaints, diagnoses, or treatment for hearing loss. The Veteran's hearing was tested in September 1974 at entrance into the military and was assessed as normal for VA purposes. During service, his hearing was tested in April 1975, May 1975, August 1976, November 1976, and January 1977 and was assessed as normal for VA purposes at each examination. The Veteran's hearing was tested in April 1978 at the time of separation and was again assessed as normal for VA purposes. See Veteran's STRs. 

In June 2011, the Veteran went to a private audiology and hearing aid center. The examiner took background information from the Veteran who reported that his hearing loss was due to artillery noise exposure while in the Marines. That examination resulted in a diagnosis of right ear deafness and moderately severe, high frequency, sensorineural hearing loss in the left ear with normal middle ear function bilaterally. The audiologist did not provide a nexus opinion. See Private Audiology Report. 
The Veteran was afforded a VA examination in July 2013. On evaluation, pure tone thresholds, in decibels, were as follows:




HERTZ



500
1000
2000
3000
4000
RIGHT
100 
110
110
110
110
LEFT
25
35
65
80
85

The frequency average in the right ear was 110dB and 66dB in the left ear. Speech audiometry using the Maryland CNC word list revealed speech recognition ability of 0 percent in the right ear and of 96 percent in the left ear.

The examiner diagnosed the Veteran with bilateral sensorineural hearing loss. In the nexus opinion, the examiner concluded that the Veteran's bilateral sensorineural hearing loss was less likely than not related to his in-service noise exposure/acoustic trauma. This opinion was based on three facts: 1) at the time he separated from the military his hearing was found to be within normal limits, 2) there were no threshold shifts during service, and 3) the Veteran reported that he lost his hearing gradually over many years. A complete history was not taken from the Veteran, nor was he asked about his post-service occupational or recreational exposure to noise. 

A Veterans Health Administrative (VHA) medical opinion was provided in conjunction with this claim. The examiner did not provide an opinion regarding the etiology of the Veteran's demonstrated bilateral hearing loss disability. He instead focused on the fact that the record did not include information regarding potential other causes of hearing loss, including inflammatory and non-inflammatory diseases. See February 2017 VHA Opinion.

The Board finds that the evidence is at relative equipoise as to whether the Veteran's bilateral hearing loss disability is related to his in-service noise exposure. The Veteran's most recent audiological examination stands as competent evidence of a current disability. The Board finds that the Veteran does have a current bilateral hearing loss disability for VA purposes thereby satisfying the first element of service connection. See July 2013 VA Examination. Further, the Board finds competent and credible evidence of noise exposure during service. The Veteran's statements regarding exposure to artillery noise while in service are consistent with his documented MOS. This satisfies the second element of service connection. 

Thus, the Board turns to the question of whether a nexus exists between the Veteran's current bilateral hearing loss and his in-service noise exposure. The Board affords no probative value to the February 2017 VHA opinion as it provides no etiological opinion and was wholly unresponsive to the Board's inquiries. The Board assigns limited probative value to the July 2013 examiner's opinion as the examiner predicated his opinion on the fact that the Veteran's audiological testing results at entrance and separation were normal. Here, the VA examiner exhibits a fundamental misunderstanding as to the proper inquiry regarding hearing loss. The proper inquiry should be whether or not any current hearing disability can be related to in-service noise exposure, not whether hearing loss was demonstrated in service. 

As previously discussed, the fact that audiometric findings at separation do not meet the regularity requirements for establishing a "disability" at the time of the Veteran's separation from service is not dispositive on the issue of service connection; the Veteran nevertheless may establish entitlement to service connection for a current hearing loss disability by submitting competent and credible evidence showing the current disability is causally related to his service. The Veteran has consistently contended that his bilateral hearing loss began during his military service. Here, the Board balances the Veteran's lack of medical expertise with his ability to provide competent testimony regarding the onset of his observable symptoms. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007); see also Jones v. West, 12 Vet. App. 383, 385 (1999) (where the determinative issue is one of medical causation or a diagnosis, only those with specialized medical knowledge, training, or experience are competent to provide evidence on the issue); Washington, 19 Vet. App. at 368.

Accordingly, the Board finds the evidence is at least in relative equipoise as to whether his bilateral hearing loss is causally related to service. As such, service connection is warranted in this case. See Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990) ("[T]he 'benefit of the doubt' standard is similar to the rule deeply embedded in sandlot baseball folklore that 'the tie goes to the runner' . . . . [I]f . . . the play is close, i.e., 'there is an approximate balance of positive and negative evidence,' the veteran prevails by operation of [statute].")


ORDER

Entitlement to service connection for bilateral hearing loss is granted. 



____________________________________________
BRADLEY W. HENNINGS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs