Citation Nr: 1812668 
Decision Date: 02/28/18 Archive Date: 03/08/18

DOCKET NO. 13-26 843 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUES

1. Whether new and material evidence has been submitted to reopen claim for service connection for diabetes mellitus, and if so, entitlement to service connection for diabetes mellitus, type II, to include as secondary to herbicide agent exposure. 

2. Entitlement to service connection for benign prostate hypertrophy (BPH) with urinary retention, to include as secondary to herbicide agent exposure. 


ATTORNEY FOR THE BOARD

T. Harper, Associate Counsel

INTRODUCTION

The Veteran served on active duty from November 1964 to October 1984.

These matters are before the Board of Veterans' Appeals (Board) on appeal from a March 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines.

This matter was previously before the Board in July 2015. The Board remanded the claim for the RO to request information from the Veteran regarding the time and place of the herbicide agent exposure to send to JSRRC for exposure verification. The claim was also remanded to obtain addendum medical opinions regarding the nature and etiology of the diabetes mellitus and the BPH as they related to service. The claim has now been returned to the Board for further appellate consideration. 

Of note, after the Veteran retired from the U.S. Navy in October 1984, he served in the U.S. Merchant Marines from 1988 until he retired in 2008. Active military service for individuals in the American Merchant Marines includes only oceangoing service during periods of armed conflict from December 7, 1941, to August 15, 1945. 38 C.F.R. § 3.7 (x) (14), (15) (2017). In this case, the Veteran was a Merchant Marine from 1988 to 2008, which is not during a time period wherein Merchant Marine service has been determined to be active duty for the purposes of VA benefits. Thus, service connection cannot be established based his service in the Merchant Marines. 

The Veteran did not request a hearing before the Board. See August 2013 substantive appeal, via a VA Form 9. 

The issue(s) of entitlement to service connection for diabetes mellitus, type II and BHP are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. An unappealed July 2009 rating decision denied service connection for diabetes mellitus, type II. The Veteran was notified of this decision in July 2009. The Veteran did not submit a timely notice of disagreement to that rating decision and additional relevant evidence was not received within one year of the notice. 

2. New evidence received since the July 2009 final rating decision raises a reasonable possibility of substantiating service connection for diabetes mellitus, type II.

CONCLUSIONS OF LAW

1. The July 2009 rating decision that denied the Veteran's request to reopen the claim for service connection for diabetes mellitus, type II is final. See 38 U.S.C.
§ 7105 (2012); 38 C.F.R. §§ 20.1103 (2017).

2. Evidence received subsequent to the last final rating decision is new and material to the claim for service connection for diabetes mellitus and the claim is reopened. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156(a) (2017). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Reopening Based on New and Material Evidence

The Veteran seeks to reopen a previously denied service connection claim for diabetes mellitus, type II. 

To reopen a claim, new and material evidence must be presented or secured. 
38 U.S.C. § 5108 (2012). "The Board does not have jurisdiction to consider [the previously adjudicated claim] unless new and material evidence is presented, and before the Board may reopen such a claim, it must so find." Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001). The Board is neither required nor permitted to analyze the merits of a previously-disallowed claim if new and material evidence is not presented or secured. Butler v. Brown, 9 Vet. App. 167, 171 (1996). When determining whether a claim should be reopened, the credibility of the newly- submitted evidence is presumed. See Justus v. Principi, 3 Vet. App. 510 (1992). 

"New" evidence is defined as existing evidence not previously submitted to agency decision makers. "Material" evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (a) (2017). The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). 

VA must review all of the evidence submitted since the last final decision in order to determine whether the claim may be reopened. See Hickson v. West, 12 Vet. App. 247, 251 (1999). For purposes of determining whether new and material evidence has been received to reopen a finally adjudicated claim, the recently submitted evidence will be presumed credible. See Kutscherousky v. West, 12 Vet. App. 369, 371 (1999) (per curium) (holding that the "presumption of credibility" doctrine continues to be precedent). 

The Court of Appeals for Veterans Claims has held that the determination of whether newly submitted evidence raises a reasonable possibility of substantiating the claim should be considered a component of the question of what is new and material evidence, rather than a separate determination to be made after the Board has found that evidence is new and material. Shade v. Shinseki, 24 Vet. App. 110 (2010). The Court further held that new evidence would raise a reasonable possibility of substantiating the claim if, when considered with the old evidence, it would at least trigger the Secretary's duty to assist. Id.

Service connection for diabetes mellitus was denied by a July 2009 rating decision. The Veteran was also notified of this rating decision in July 2009. The Veteran did not file a notice of disagreement to this rating decision, and it became final. See 38 U.S.C § 7103, 7104; 38 C.F.R. §§ 20.1100. The same factual basis is not generally thereafter considered.

The RO's July 2009 denial for service connection for diabetes mellitus was based on lack of evidence reflecting a current diagnosis of diabetes mellitus. The pertinent evidence before the RO in July 2009 included the Veteran's service treatment records and the Veteran's application for compensation. 

The evidence received since the July 2009 final rating decision pertinent to the claim includes records from civil service in the U.S. Merchant Marines, post-service VA and private treatment records, and the Veteran's statements. These records indicate that the Veteran is currently diagnosed with diabetes mellitus, type II. The evidence of record, including treatment records showing a current diagnosis of diabetes mellitus and the Veteran's contention that he was diagnosed with diabetes in March 1967 during active service, must be presumed credible for the limited purpose of evaluating whether the claim should be reopened. Additionally, the Veteran now contends he was exposed to herbicide agents during the Vietnam War. As this new evidence relates to the basis of the prior final denial, to include diagnosis of a current disability and an identified in-service injury, it is material to the claim. Thus, the new and material evidence warrants that the claim be reopened. 

ORDER

As new and material evidence has been received, the service connection claim for diabetes mellitus, type II is reopened. To this extent only, the appeal is granted. 

REMAND

A remand is necessary to ensure complete development of the Veteran's contentions. As directed by the Board in the July 2015 remand, the RO requested information from the Veteran to clarify when and where he believed he was exposed to herbicide agents. See March 2016 letter. The Veteran contends that he was temporarily assigned duty (TAD) to the U.S.S. Blue Ridge for two months and assigned to the U.S.S. Juneau for one month during the Vietnam War. However, he failed to indicate the months and year in which the TADs occurred. The RO requested this information from the Veteran again in a letter dated February 2017. 

The Veteran indicated that he "was volunteered for duty in Vietnam according to ALNAV on July 6, 1967" in a statement dated February 2017. In March 2017, the JSRRC coordinator issued a formal finding that the Veteran had not provided, with enough specificity, the required information to send a request to JSRRC to verify his service in Vietnam. Of note, the March 2017 memorandum listed the efforts undertaken to obtain the requested information; however, the February 2017 statement in support of claim submitted by the Veteran providing the July 1967 date was not listed on the memorandum. It appears that the Veteran's statement was not associated with the claims file or was not seen before the formal finding was issued. The claim must be remanded to the RO send a request to JSRRC in order to attempt to verify the Veteran's service in Vietnam as he has now named a specific time frame in which he believes he was exposed to herbicide agents. 

Accordingly, the case is REMANDED for the following action:

1. Obtain all pertinent outstanding VA treatment records and associate with the claims file. 

2. Send a request to the JSRRC and/or other appropriate repository in an effort to substantiate claimed service in Vietnam and claimed herbicide agent exposure when he was volunteered for duty in Vietnam in accordance with ALNAV on July 6, 1967. 

3. Thereafter, readjudicate the issue on appeal. If any benefit is not granted, the appellant should be furnished with a supplemental statement of the case and afforded an opportunity to respond before the file is returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).





_________________________________________________
S. B. MAYS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017). 


Department of Veterans Affairs