﻿Citation Nr: AXXXXXXXX
Decision Date: 11/08/18 Archive Date: 11/07/18

DOCKET NO. 180703-247
DATE: November 8, 2018
ORDER
As new and material evidence was received, the claim for entitlement to service connection for hypertension is reopened. To this extent only the claim is granted.
REMANDED
Entitlement to service connection for hypertension is remanded.
FINDING OF FACTS
1. In a final April 2015 rating decision, the RO denied the Veteran’s claim for entitlement to service connection for hypertension.
2. The evidence received since the April 2015 rating decision is not cumulative or redundant of the evidence of record and raises a reasonable possibility of substantiating the Veteran’s claims of entitlement to service connection for hypertension.
CONCLUSIONS OF LAW
1. The October April 2015 rating decision denying the Veteran’s claims for entitlement to service connection for hypertension is final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1100. 
2. New and material evidence has been received to reopen the claim for entitlement to service connection for hypertension. 38 U.S.C. § 5108; 38 C.F.R. § 3.156.
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty from May 2005 to September 2008. He also had service in the National Guard.
These matters come before the Board of Veterans’ Appeals (Board) on appeal from an May 2018 rating decision.
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
New Material Evidence
Historically, September 2010 rating decision denied the Veteran’s claim for service connection for hypertension, stating that there was no evidence of record showing the Veteran had been diagnosed with or treated for hypertension. In February 2015, the Veteran sought service connection for hypertension, including as secondary to his service-connected posttraumatic stress disorder (PTSD). An April 2015 rating decision denied the claim for service connection, finding that the evidence did not show that the Veteran had been diagnosed with or treated for hypertension. The Veteran did not appeal these decisions and they are now final. 38 U.S.C. § 7104.
In April 2017, the Veteran sought to reopen his claim for service connection for hypertension. VA may reopen and review a claim that has been previously denied if new and material evidence is submitted by or on behalf of a Veteran. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a); Hodge v. West, 155 F. 3d 1356 (Fed. Cir. 1998).
The Board must consider the question of whether new and material evidence has been received because it goes to the Board’s jurisdiction to reach the underlying claim and adjudicate the claim de novo. Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001); Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996). If the Board finds that no new and material evidence has been offered, that is where the analysis must end. Butler v. Brown, 9 Vet. App. 167 (1996).
New evidence is evidence not previously submitted to agency decision makers. Material evidence is evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).
In determining whether new and material evidence has been received, VA must initially decide whether evidence associated with the claims file since the prior final denial is new. That analysis is undertaken by comparing newly received evidence with the evidence previously of record. After evidence is determined to be new, the next question is whether it is material.
The Board must review all evidence submitted by or on behalf of a claimant since the last final denial on any basis to determine whether a claim must be reopened. Evans v. Brown, 9 Vet. App. 273 (1996). For purposes of determining whether new evidence is material, the credibility of the new evidence is presumed. Justus v. Principi, 3 Vet. App. 510 (1992). New and material evidence is not required as to each previously unproven element of a claim. Shade v. Shinseki, 24 Vet. App. 110 (2010).
The Board notes that its task is to first decide whether new and material evidence has been received, as opposed to whether the evidence actually substantiates the Veteran’s claim. Pertinent evidence added to the record since the final October 1998 RO decision includes the Veteran’s statements, a VA examination, and VA medical records. 
A July 2017 VA examination noted the Veteran had been diagnosed with hypertension in 2015. 
Consequently, as the prior April 2015 denial stated that the Veteran did not have a diagnosis of hypertension and there has now been evidence submitted which indicates the Veteran has hypertension, the Board finds that new and material evidence has been submitted regarding the Veteran’s claims for service connection for hypertension. Thus, the claim for entitlement to service connection for hypertension is reopened and remanded, as discussed below.
REASONS FOR REMAND
The issue of entitlement to hypertension is remanded to correct a duty to assist error that occurred prior to the May 2018 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a VA examination prior to the May 2018 rating decision on appeal. This medical opinion does not provide an adequate rationale regarding whether the Veteran’s hypertension had its onset in service or is otherwise related to service. The May 2018 VA examination did not discuss evidence of record which could indicate that the Veteran had a diagnosis of hypertension within a year of his separation from service. Specifically, in December 2017 the Veteran’s VA treating physician indicated in a hypertension disability benefits questionnaire that the Veteran had been diagnosed with hypertension in 2009. Furthermore, in May 2018, prior to the May 2018 rating decision on appeal, the Veteran submitted a record from his private treating provider that he had hypertension since 2008. However, the May 2018 VA examination did not discuss or show review of the records which could indicate that the Veteran had hypertension within a year of his 2008 separation from service. 
Additionally, prior to the May 2018 rating decision on appeal, and as stated above, the Veteran submitted a record from his private treating physician that indicated he had hypertension since 2008. Furthermore, a December 2017 VA medical center (VAMC) record indicated that the Veteran had been treated by a private provider when he was told about high blood pressure in 2009. A review of the record indicated that the private treatment records from the Veteran’s private provider during this timeframe are not associated with the file. As such, a remand is required to allow VA to obtain these records
The matter is REMANDED for the following action:
1. Contact the Veteran and afford him the opportunity to identify by name, address, and dates of treatment or examination any relevant private medical treatment records for his hypertension, specifically that of Dr. A.H. and any provider at the John Muir Health/Brentwood Family Medicine practice beginning in 2008. After securing the proper authorizations where necessary, arrange to obtain all the records of treatment or examination from all the sources listed by the Veteran that are not already on file. All information obtained must be made part of the file. All attempts to secure this evidence must be documented in the claims file, and if, after making reasonable efforts to obtain named records, they are not able to be secured, provide the required notice and opportunity to respond to the Veteran and his representative.
2. Thereafter, schedule the Veteran for a VA medical examination by a physician (M.D.) who has not previously examined him to determine the nature and etiology of his hypertension. The claims file, including a copy of this Remand, must be made available to the examiner and the examiner should indicate in his/her report whether or not such was reviewed. All necessary tests and studies should be accomplished. The examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s hypertension had onset in service or within one year following separation from service, or was causally related to service. 
The examiner must provide a complete rationale on which his/her opinion is based, and must include a discussion of the medical principles as applied to the medical evidence and facts used in establishing his or her opinion. 
The Veteran’s lay assertions as to onset and continuity and symptomatology should be recorded and considered. The examiner is specifically asked to address any in-service reading of elevated blood pressure, the Veteran’s elevated blood pressure readings in his 2012 National Guard service treatment records, the December 2017 VA physician’s indication that the Veteran had a hypertension diagnosis in 2009, and the May 2018 private medical record which reported the Veteran had hypertension since 2008. 
The term “at least as likely as not” does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of a conclusion as it is to find against it. 
If the examiner finds that he/she cannot provide an opinion without resorting to speculation, he/she should explain the inability to provide an opinion.

 
LESLEY A. REIN
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD A. Parrish, Associate Counsel