Citation Nr: 1829607 
Decision Date: 06/27/18 Archive Date: 07/02/18

DOCKET NO. 14-42 368 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to an initial compensable rating for bilateral hearing loss.

2. Whether new and material evidence has been received to reopen a claim for entitlement to service connection for an acquired psychiatric disorder, to include post-traumatic stress disorder (PTSD).

3. Entitlement to service connection for acquired psychiatric disorder, to include PTSD.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

A. Dellarco, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from September 1992 to April 2001. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

The Board has recharacterized the Veteran's claim as entitlement to service connection for an acquired psychiatric disability consistent with Clemons v. Shinseki, 23 Vet. App. 1, 5-6 (2009) (finding that a claim for an acquired psychiatric disability includes any mental disability that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and other information of record). 

The issue of an increased rating for bilateral hearing loss is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. In a December 2005 rating decision, the RO denied a service connection claim for PTSD; the Veteran did not submit a notice of disagreement (NOD); no new and material evidence was submitted within one year of the decision; and thus the decision became final.

2. The evidence received since the final December 2005 rating is not cumulative or redundant of the evidence of record and raises a reasonable possibility of substantiating the Veteran's claim of entitlement to service connection for an acquired psychiatric disorder.

3. The Veteran's acquired psychiatric disorder, other than PTSD and variously diagnosed, was incurred in service or is etiologically related to service.


CONCLUSIONS OF LAW

1. The December 2005 rating decision denying the Veteran's claim for service connection for PTSD is final. 38 U.S.C. § 7105 (2012); 38 C.F.R. § 20.1100 (2017). 

2. New and material evidence has been received to reopen the claim for an acquired psychiatric disorder. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156 (2017).

3. The criteria for entitlement to service connection for an acquired psychiatric disorder other than PTSD, variously diagnosed, have been met. 38 U.S.C. §§ 1101, 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

New and Material Evidence

The Board must consider the question of whether new and material evidence has been received because it goes to the Board's jurisdiction to reach the underlying claim and adjudicate the claim de novo. Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001); Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996). If the Board finds that no new and material evidence has been offered, that is where the analysis must end. Butler v. Brown, 9 Vet. App. 167 (1996).

New evidence is evidence not previously submitted to agency decision makers. Material evidence is evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

In determining whether new and material evidence has been received, VA must initially decide whether evidence associated with the claims file since the prior final denial is new. That analysis is undertaken by comparing newly received evidence with the evidence previously of record. After evidence is determined to be new, the next question is whether it is material.

The Board must review all evidence submitted by or on behalf of a claimant since the last final denial on any basis to determine whether a claim must be reopened. Evans v. Brown, 9 Vet. App. 273 (1996). For purposes of determining whether new evidence is material, the credibility of the new evidence is presumed. Justus v. Principi, 3 Vet. App. 510 (1992). New and material evidence is not required as to each previously unproven element of a claim. Shade v. Shinseki, 24 Vet. App. 110 (2010).

In a December 2005 rating decision, the RO declined to reopen the Veteran's claim for service connection for an acquired psychiatric disorder, claimed as PTSD, because the evidence of record did not show a current diagnosis. The Veteran did not appeal that decision or submit new ad material evidence during the appeal period. Therefore, the December 2005 decision is final as to the evidence then of record, and is not subject to revision on the same factual basis. 38 U.S.C. § 7105(b); 38 C.F.R. §§ 3.104, 20.302, 20.1103.

Since the December 2005 final rating decision, VA treatment records associated with the claims file show various additional psychiatric diagnoses of depressive disorder NOS, psychotic disorder, adjustment disorder with periods of anxiety, and schizophrenia. Moreover, the Veteran has been provided two VA examinations in October 2013 and August 2014, which address whether he meets the criteria for a PTSD diagnosis and the etiology of his currently diagnosed psychiatric disorders. 

Accordingly, the Board finds the newly associated medical evidence sufficient to reopen the claim of service connection for an acquired psychiatric disorder. The newly associated evidence speaks to a previously unproven element at the time of the Veteran's prior denial. Accordingly, this evidence is also material as it goes to the merit of the Veteran's underlying service connection claim. As new and material evidence has been received, the claim for service connection for an acquired psychiatric disorder is reopened. 

Service Connection

The Veteran maintains that he has an acquired psychiatric disorder that is attributable his active duty service. 

Service connection means that a disability resulting from disease or injury was incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge when all of the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Service connection is established when the following elements are satisfied: (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the disease or injury incurred or aggravated during service (the medical "nexus" requirement). Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004)). 

The Veteran's service treatment records show reports of pertinent symptomatology, along with a diagnosis of an adjustment disorder with mixed anxiety and depressed mood noted in a July 2000 Behavioral Health Clinic record and the Veteran's October 2000 separation examination report. 

Shortly after military separation, in July 2001, the Veteran was admitted for psychiatric inpatient hospitalization. The Veteran endorsed experiencing depressive symptoms while in the military. The assessment give was possible underlying mood or psychotic disorder; however, an exact diagnosis was unclear due to the Veteran's substance use at the time. The private clinician noted that while the Veteran denied most PTSD symptoms, it was still a possible diagnosis. Following additional psychiatric testing and treatment, the Veteran was given a final diagnosis of psychosis, not otherwise specified, with bipolar disorder suspected. 

In September 2001, the Veteran was again admitted to inpatient hospitalization for psychiatric treatment. His stressors were noted to include his military service. The examiner noted that the Veteran's prior hospitalization stemmed from being discharge from the military under honorable condition and during that time he reported that he was going through martial problems. The Veteran was given a diagnosis of schizophreniform disorder. 

An April 2010 VA Mental Health PTSD Consult indicated that the Veteran was referred for diagnostic clarification regarding PTSD symptomatology. Following a mental status examination, the examiner determined that a diagnosis of depressive disorder, not otherwise specified, most closely fit the Veteran's depressive symptoms. The examiner further noted that the Veteran had carried the diagnoses of schizophrenia and schizophreniform disorder. The evaluator found the Veteran's symptoms were consistent with a psychotic disorder rather than PTSD. The evaluator added that the Veteran appeared to meet the criteria for alcohol abuse. However, the evaluator qualified that these aforementioned diagnoses by indicating that the scope of the consult was for PTSD and therefore the Veteran's exact psychiatric diagnosis remained unclear.

In October 2013, the Veteran was provided a VA PTSD examination. The examiner found current diagnoses of adjustment disorder with periods of anxiety and alcohol abuse. As to a diagnosis of PTSD, the Veteran reported an incident in Bosnia were an ordnance accidentally exploded as his in-service stressor. The Veteran further reported to the examiner that he did not participate in combat activity. The examiner found that the Veteran did not met the criteria for a PTSD diagnosis because under Criterion A there was no exposure to a traumatic event, under Criterion B there was no persistent re-experiencing of the traumatic event, under Criterion C there were no persistent avoidance of stimuli associated with the trauma or numbing of general responsiveness, and under Criterion D there were no persistent symptoms of increased arousal. Nonetheless, the examiner found that symptoms of disturbances of motivation and mood were present. 

In August 2014, the Veteran was provided a VA psychological examination. The Veteran reported that he first started to have mental health symptoms when he got out of the military. Specifically, he stated he had "a nervous breakdown" around the time that he also experienced marital stress, increased drinking, and poor performance at work. The examiner opined that it was possible that the Veteran may have an underlying mood or psychotic disorder, however, in the context of his substance abuse it was impossible to tell. The examiner found a current diagnosis of alcohol use disorder that was related to the Veteran's service. He further opined that the Veteran's previous diagnosis of adjustment disorder near the end of his military service was a valid diagnosis and at least as likely as not incurred in or caused by his military service. However, the examiner qualified that the Veteran did not currently report related symptoms and informed the examiner that the initial stressors for the disorder were no longer salient to him. The examiner further indicated that while the Veteran reported some ongoing anxiety and depression, those symptoms were no longer the result of his reaction to his initial stressors for his adjustment disorder. Hence, the examiner found that a current diagnosis of adjustment disorder was no longer appropriate. The examiner further provided that testing showed signs of a mood disorder and difficulty coping with loss (which the examiner thought was due to the Veteran's divorce from his ex-wife). The examiner endorsed the Veteran's reports of depressed mood. The examiner qualified that while the Veteran engaged in extensive symptom embellishment, during the interview he consistently put forth good effort and was deemed to be a reliable informant but his clinical symptom testing was deemed invalid.

Regarding the Veteran's alcohol use diagnosis, direct service connection for disability resulting from a claimant's own drug or alcohol abuse is precluded for all VA benefit claims filed after October 31, 1990 (including in this case with the service connection claim received in December 2014). See 38 C.F.R. § 3.301(a), (c)(2)(3); see also Allen v. Principi, 237 F.3d 1368, 1376 (Fed. Cir. 2001); VAOPGCPREC 2-98; VAOPGCPREC 7-99. Thus, service connection is precluded for the alcohol abuse diagnosis. 

Moreover, the Board finds that the Veteran does not have a current diagnosis of PTSD. See VA PTSD Examination (Oct. 2013); see also VA treatment records (Apr. 2010) (finding diagnosis of PTSD not warranted). The lack of a PTSD diagnosis is based upon the objective medical evidence of record, primarily the October 2013 VA examination. The Board finds highly probative the October 2013 examiner's conclusion that the Veteran does not meet the criteria for a PTSD diagnosis, as the determination is based on the results of a psychiatric examination, review of the evidence, and is supported by detailed medical rationale. 

Nonetheless, the lack of a PTSD diagnosis is not fatal to the Veteran's claim because the Board has expanded the Veteran's claim under Clemons as this will provide the most favorable review. See Clemons, 23 Vet. App. at 5. The Board finds the Veteran meets the elements of service connection for an acquired psychiatric disorder. First, there is a current diagnosis of an acquired psychiatric disorder, variously diagnosed throughout the appeal as an adjustment disorder; depressive disorder, not otherwise specified; psychotic disorder; and schizophrenia. Accordingly, the evidence establishes that the Veteran has or has had various acquired psychiatric disorders during the pendency of this appeal.

Second, the evidence clearly established a diagnosis of an acquired psychiatric disorder (i.e., adjustment disorder with anxiety and depressive mood) while in service. The Veteran has further reported experiencing depressive symptoms while in service. Additionally, the medical evidence has extensively documented that the Veteran's psychiatric problems occurred during the Veteran's military service. 

Finally, as to the third element, that of a nexus between the Veteran's acquired psychiatric disorder and the in-service stressor, service treatment records demonstrate that the Veteran initially began experiencing psychiatric symptoms during his active service, and current VA mental health treatment records show that symptoms of depression and paranoia have continued since the Veteran's discharge. In this regard, the Veteran is competent to report experiencing psychiatric symptoms, such as depression and anxiety, as these symptoms are capable of lay observation. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (finding that, in certain circumstances, lay evidence may be competent to establish a medical etiology); see also 38 C.F.R. § 3.159(a)(2). Additionally, the Veteran's statements to his treating providers regarding his continued psychiatric symptoms are also credible. See Rucker v. Brown, 10 Vet. App. 67, 73 (1997) (observing that statements made to clinicians for purposes of diagnosis and treatment are exceptionally trustworthy because the declarant has a strong motive to tell the truth to receive proper care). Moreover, the Veteran continues to receive treatment for his psychiatric symptoms. This evidence of a continuity of symptomatology and continued psychiatric treatment suggests a link between the Veteran's current psychiatric complaints and his active service. See Duenas v. Principi, 18 Vet. App. 512 (2004).

The Board, in reaching its decision acknowledges, that there are unfavorable medical opinions of record opining against the claim. However, the Board cannot ignore the medical evidence finding that the Veteran's acquired psychiatric disorder began in service. At the very least, the evidence regarding the onset of the Veteran's current acquired psychiatric disorder, variously diagnoses, is in a state of equipoise. 

As such, all reasonable doubt must be resolved in the Veteran's favor. Thus, the Board finds that an acquired psychiatric disorder was etiologically related to the Veteran's military service. The appeal for service connection is granted. 38 C.F.R. §§ 3.102, 3.303.


ORDER

As new and material evidence has been received, the claim for entitlement to service connection for an acquired psychiatric disorder is reopened. 

Service connection for an acquired psychiatric disorder other than PTSD, variously diagnosed, is granted. 


REMAND

In a September 2016 statement, the Veteran indicated that his hearing loss had worsened. The Board notes that the Veteran was last afforded a VA examination for his hearing loss nearly five years ago, in October 2013. Therefore, to ensure that the record indicates the current severity of the Veteran's bilateral hearing loss, a more contemporaneous examination is warranted. Green v. Derwinski, 1 Vet. App. 121 (1991); Caffrey v. Brown, 6 Vet. App. 377 (1994); see also Snuffer v. Gober, 10 Vet. App. 400 (1997) (finding Veteran entitled to new examination when Veteran contended that disability worsened). 

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a new VA audiological examination to determine the current severity of the Veteran's bilateral hearing loss. The examiner must review the claims file and must note that review in the report. All necessary tests and studies should be conducted. The examiner should provide all information required for rating purposes. The examiner must also describe the effects of the Veteran's hearing loss on his occupational functioning and activities of daily living, to include whether his hearing loss results in marked interference with employment. In doing so, the examiner should indicate, whether there are exceptional or unusual circumstances, peculiar to this Veteran's hearing loss, which are not adequately captured by the rating schedule. The examiner must provide the rationale for all opinions rendered.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



______________________________________________
DELYVONNE M. WHITEHEAD
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs