**James P. LeSHORE, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 94–766.**

United States Court of Veterans Appeals.

Nov. 22, 1995.

James P. LeShore, pro se.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; David W. Engel, Deputy Assistant General Counsel; and Adam K. Llewellyn, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Judges.

KRAMER, Judge:

The appellant, Vietnam veteran James P. LeShore, appeals an August 4, 1994, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to service connection for a low back disorder. Record (R.) at 5–13. The Court has jurisdiction under 38 U.S.C. § 7252(a). For the reasons that follow, the Court will affirm the Board's decision.

## I. Background

The appellant served on active duty in the United States Marine Corps from August 1965 to April 1969. R. at 18, 151. According

to a July 1968 service medical record (SMR), the veteran was examined following a complaint of "pain in his chest [with] pain in back of neck traveling down his spine." R. at 38. The examiner assessed "[m]uscular pain." *Ibid.* The SMRs contain no other pertinent entries. *See* R. at 21–49. The report of the appellant's March 1969 separation physical examination described his spine as "normal." R. at 43.

In February 1989, the appellant filed with a VA regional office (RO) a claim for service connection for a back condition. R. at 51–57. In July 1989, he was examined at a VA medical center (MC), at which time the examiner noted a "s[ubjective]" complaint of "L[ower]B[ack]S[ymptoms] since 1968" and "20 y[ea]r h[istory of] LBS." R. at 113. Later that month the veteran was provided a VA orthopedic examination, at which time the examining physician noted that the veteran's claims folder was not available but that "back and leg pain" had been previously diagnosed. R. at 112. Under the heading "S[ubjective]," the examiner wrote: "20 y[ea]r history, intermittent pain, various med[ications], various regular jobs." *Ibid.* Similarly, on a form requesting a radiologic examination of the veteran's back, the examiner stated the reason for the request as "20 y[ea]rs intermittent pain l[umbo]s[acral area] and l[ef]t sciatic [nerve]." R. at 111. The examiner's assessment was chronic low back pain. R. at 112.

In April 1990, the appellant testified under oath at a personal hearing at the RO. He asserted, inter alia, that his current back disorder had its onset in June 1968. R. at 123. He offered similar testimony in June 1992 when he appeared at a hearing before the Board. R. at 250–51.

In April 1993, the appellant was provided a spinal examination at a VAMC. The diagnosis was "[l]umbar radiculopathy secondary to herniated nucleus pulposus." R. at 310. The examining physician stated: "It is my opinion that Mr. LeShore's current, very mild low back symptoms are in no way related to the back symptoms which he experienced in the service. The reason for my opinion is that he does not even recall what type of symptoms he experienced in the service." R. at 313.

After the RO denied the claim, the appellant appealed to the Board, which, in the August 1994 decision here on appeal, dismissed the claim on the basis that a well-grounded claim had not been submitted. R. at 12. Specifically, the Board noted that in July 1989 the appellant had "reported a 20-year history of low back pain," R. at 8, but described the veteran's self-reported medical history as "unacceptable" evidence. R. at 12. The Board specifically found, however, that the veteran's sworn testimony before the RO and the BVA was credible, but concluded that he had not submitted the competent medical evidence sufficient to render the claim well grounded that is required by *Grottveit v. Brown*, 5 Vet.App. 91 (1993), and that, accordingly, the Secretary's duty to assist under 38 U.S.C. § 5107(a) was not triggered. R. at 11–12. A timely appeal to this Court followed.

## II. Analysis

■ Section 5107(a) of title 38, U.S.Code, provides in pertinent part: "[A] person who submits a claim for benefits under a law administered by the Secretary shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." 38 U.S.C. § 5107(a). A claim is well grounded if it is "plausible." *See Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990). Further, where, as here, the determinative issue involves medical etiology, competent medical evidence that the claim is "plausible" or "possible" is required in order for the claim to be well grounded. *See Caluza v. Brown*, 7 Vet. App. 498, 504 (1995); *Lathan v. Brown*, 7 Vet.App. 359, 365 (1995); *Grottveit*, 5 Vet. App. at 93. This burden of submitting such competent medical evidence may not be met merely by presenting lay testimony, because lay persons are not competent to offer medical opinions. *Espiritu v. Derwinski*, 2 Vet. App. 492 (1992). The determination whether a claim is well grounded is subject to de novo review by this Court. *See King v. Brown*, 5 Vet.App. 19 (1993).

■ The Court has held that evidentiary assertions "must . . . be accepted as true for

purposes of determining whether the claim is well grounded ... [except] when the evidentiary assertion [other than in a government record] is inherently incredible or when the fact asserted is beyond the competence of the person making the assertion." *Robinette v. Brown,* 8 Vet.App. 69, 75–76 (1995) (quoting *King,* 5 Vet.App. at 21).

Here, the only evidence offered to support the appellant's assertion that his present back disorder had its onset in service—and thus the only evidence that could make the claim well grounded—consists of (1) his own sworn testimony and (2) the July 1989 VAMC records noting a 20–year history of back problems beginning in 1968 or 1969. With respect to the former, the appellant is a lay person and is therefore not competent to offer an opinion requiring medical knowledge. *See Espiritu, supra.*

■ Thus, the question which the Court must resolve is whether the July 1989 VAMC records constitute the "competent medical evidence" required by *Grottveit, supra.* Because one of those records references "1968" as the date of onset of the appellant's back condition, for purposes of the present analysis the Court will assume, without deciding, that the records' other references to back pain of 20 years' duration similarly refer to an in-service onset.

■ Evidence which is simply information recorded by a medical examiner, unenhanced by any additional medical comment by that examiner, does not constitute "competent medical evidence" satisfying the *Grottveit* requirement. Such evidence cannot enjoy the presumption of truthfulness accorded by *Robinette* (as to determination of well groundedness) and *Justus v. Principi,* 3 Vet.App. 510, 513 (1992) (as to determination of whether evidence is "new and material" for purposes of reopening a claim), because a medical professional is not competent to opine as to matters outside the scope of his or her expertise, and a bare transcription of a lay history is not transformed into "competent medical evidence" merely because the transcriber happens to be a medical professional. *See Layno v. Brown,* 6 Vet.App. 465, 469 (1994) ("in order for any testimony to be probative of any fact, the witness must be competent to testify as to the facts under consideration").

In the decision on appeal, the Board implicitly found (in its finding of "unacceptable" evidence) that the July 1989 VAMC medical records were evidence of this sort, that is, transcriptions of lay history unenhanced by any medical comment by the examiner. R. at 8, 11–12. The Court concludes that there is a plausible basis for such a finding, because the notations within those records indicating in-service onset of back symptoms were all made under the heading denoting "s[ubjective]" information, and because nothing in the precise language of the notations suggests that the respective examiners had filtered, enhanced, or added medico-evidentiary value to the lay history through their medical expertise. *See Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990) ("if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them"); 38 U.S.C. § 7261(a)(4). Accordingly, as the Board's factual finding is not clearly erroneous, the Court holds that the BVA's legal conclusion, that the claim was not well grounded, predicated on such factual finding, is correct.

■ Even were the Court to assume, without deciding, that the appellant's claim was well grounded, *cf. Godfrey v. Brown,* 7 Vet. App. 398, 406 (1995) (where service-connection claim is based on continuity of symptomatology under 38 C.F.R. § 3.303(b) (1994), competent medical evidence not necessarily required to make claim well grounded) and that the Secretary's duty to assist the appellant was thus triggered, the only possible prejudice to the appellant in the Board's conclusion that the claim was not well grounded would arise if the Secretary had failed in his duty to assist. Here, though, VA's provision of the July 1989 orthopedic examination and April 1993 spinal examination satisfied any such duty. Further, the findings of the examiner at the time of the latter examination would have afforded a plausible basis for a denial of the claim on the merits.

### III. Conclusion

Upon consideration of the record and the pleadings of the parties, the Court holds that the appellant has not demonstrated that the Board committed error that would warrant remand or reversal. The Board's August 4, 1994, decision is AFFIRMED.