Citation Nr: 1443685 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 12-17 122 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUES

1. Entitlement to service connection for a psychiatric disorder.

2. Entitlement to service connection for a back disability.


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

M. Taylor, Counsel



INTRODUCTION

Pursuant to 38 C.F.R. § 20.900(c), the appeal has been advanced on the Board's docket.

The Veteran served on active duty from July 1951 to June 1953.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a June 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi. 

The Board has construed the claim for PTSD, as entitlement to a psychiatric disorder, however diagnosed. See Clemons v. Shinseki, 23 Vet. App. 1 (2009), 

In November 2013, the Board remanded the case for additional development. The case has been returned to the Board for a further appellate review. 

The issue of entitlement to service connection for a back disability being remanded is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ). 


FINDING OF FACT

The competent probative evidence does not establish that the Veteran has been diagnosed with a psychiatric disorder, to include PTSD. 


CONCLUSION OF LAW

The criteria for service connection for a psychiatric disorder have not been met. 38 U.S.C.A. §§ 1131, 1154, 5107(b) (West 2002); 38 C.F.R. §§ 3.303, 3.304 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

Notice and Assistance

Upon receipt of a complete or substantially complete application, VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103(a), 5103A (West 2002 & Supp. 2013); 38 C.F.R. § 3.159 (2013). VA must notify the claimant of the information and evidence not of record that is necessary to substantiate a claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 

Letters in May 2009 and December 2009 satisfied the duty to notify provisions. The letters also notified the Veteran of regulations pertinent to the establishment of an effective date and of the disability rating. The Veteran was informed of the need to show the impact of disabilities on daily life and occupational functioning. The record reflects the claim was subsequently readjudicated, most recently in an August 2014 supplemental statement of the case. 

The Veteran's service treatment records are missing, and all efforts to obtain them have been unsuccessful. A formal finding was issued in March 2010, and the Veteran was notified that his records were missing. Where service records are unavailable, VA has a heightened obligation to assist the Veteran in the development of the claim. O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991); Pruitt v. Derwinski, 2 Vet. App. 83, 85 (1992). 

The Veteran's VA medical treatment records have been obtained. The Veteran has not indicated, and the record does not contain evidence, that he is in receipt of disability benefits from the Social Security Administration. VA examinations were conducted in March 2012 and March 2014; the record does not reflect that the evidence, to include these examinations, were inadequate for rating purposes with respect to the disability adjudicated herein. The rationale provided for the March 2014 opinion is based on objective findings, reliable principles, and sound reasoning. 

There is no indication in the record that any additional evidence, relevant to the issue decided, is available and not part of the claim file. As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of the case, the Board finds that any such failure is harmless. 

Analysis

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131. Generally, to establish a right to compensation for a present disability, a Veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. 

Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Service connection for posttraumatic stress disorder requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a), that is, a diagnosis that conforms to the Diagnostic and Statistical Manual of Mental Disorders (DSM-IV); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor actually occurred. 38 C.F.R. § 3.304(f).

The newer "DSM-V" has now been officially released. However, § 4.130 still explicitly refers instead to the "DSM-IV." The regulation legally requires the Board to consider this earlier version of the DSM until such time as the regulation is changed. There is a regulation change in the works that would change the regulation to reference "the current version of the DSM." But it is unclear when that proposed change will be published. Regardless, in the meantime the Veterans Benefits Administration (VBA) and Veterans Health Administration (VHA) essentially agreed that their target date for moving to the DSM-V was October 1st, coinciding with the beginning of this fiscal year. 

The Veteran seeks service connection for a psychiatric disorder, to include PTSD. As reflected in March 2010 correspondence, he has reported stressors during service of the accidental death of a fellow service member and of having seen dead and mangled bodies. 

The Veteran's service records are missing, and all efforts to obtain them have been unsuccessful. A formal finding was issued in March 2010, and the Veteran was notified that his records were missing. Although the service treatment records are missing, of record, however, is the June 1953 service separation examination report showing psychiatric examination was normal. 

At a VA examination in March 2012, a VA examiner reviewed the claim file and conducted a clinical evaluation. The examiner determined that the Veteran did not satisfy the DSM-IV criteria for a diagnosis of PTSD and identified which of the criterion were not met to support a diagnosis of PTSD. An AXIS I diagnosis of 'rule out dementia,' was noted. The examiner noted that the personality/behavioral changes reported over the past 2 years by Veteran's wife may have been indicative of the dementia process.

At a VA examination in March 2014, a VA examiner reviewed the claim file and conducted a clinical evaluation. The examiner determined that the Veteran does not meet the criteria for a diagnosis of any mental disorder in accordance with the DSM-IV or DSM V. Stressors were reported to be chronic medical and physical problems, relationship issues, and limited social support. The examiner indicated that although the Veteran's wife had noted personality/behavioral changes in the past 2 years, neither the Veteran nor his son indicated the presence of any significant personality changes or cognitive impairment that would correspond to a diagnosis of dementia. Memory impairment was determined to be normal for the Veteran's age. The examination report further reflects the Veteran denied having had any mental health services during or after service. 

In an addendum opinion the examiner stated that the Veteran denied the presence of depressive and anxiety symptoms and therefore he was not administered the Beck Depression Inventory II, the Beck Anxiety Inventory or the MMPI II as none of them appeared warranted. Also, at the time of the examination the Veteran did not present or report symptoms that were consistent with any mental disorder from the DSM V or the DSM IV. The memory impairment which was noted during the mental status examination appeared to be within normal limits for a man of his advanced age and did not appear to indicate the presence of dementia.

Although competent to report his symptoms, and although lay evidence may establish the existence of a current disorder capable of lay observation, in the absence of medical training or expertise, a lay opinion as to a current diagnosis a psychiatric disorder, to include PTSD, is of no probative value. See 38 C.F.R. § 3.159(a); see also Colantonio v. Shinseki, 606 F.3d 1378, 1382 (Fed. Cir. 2010) (recognizing that in some cases lay testimony "falls short" in proving an issue that requires expert medical knowledge). 

Thus, although the Veteran avers that he has a psychiatric disorder, this has not been substantiated on medical examination. The Veteran is certainly competent to report the onset, nature, and severity of his symptoms. However, his lay opinion as to whether his current symptoms are attributable to an underlying chronic disorder is outweighed by the clinical findings, or lack thereof, from the VA examinations. 

Although laypersons, such as the Veteran, are sometimes competent to provide opinions on certain medical questions, the specific issues in this case falls outside the realm of common knowledge of a lay person as it involves making definitive clinical diagnoses based on knowledge of neurological and psychiatric medicine in the context of negative test results. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011).

To the extent that treatment records, to include an April 2012 VA treatment record, reflect the Veteran's wife's assertion that the Veteran's "dementia is still a problem-his memory is poor," a mere transcription of the lay history provided by the Veteran or his wife does not become competent medical evidence. See LeShore v. Brown, 8 Vet. App. 406, 409 (1995). 

The Board has accorded significant probative value to the March 2014 VA opinion. The rationale provided for the opinion is based on objective findings, reliable principles, and sound reasoning, and is consistent with the March 2012 opinion. Such is far more probative than the Veteran's remote lay assertion. 

Congress has specifically limited entitlement to service connection to instances where disease or injury has resulted in a disability. See 38 U.S.C.A. §§ 1110, 1131. Without competent evidence of a current psychiatric disorder related to the Veteran's service, service connection cannot be granted. See Brammer v. Derwinski, 3 Vet. App. 223 (1992); Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998).

The preponderance of the evidence is against the claim; there is no doubt to be resolved. Service connection for a psychiatric disorder is not warranted. 


ORDER

Service connection for a psychiatric disorder is denied


REMAND

With respect to the claimed back disability, the Veteran was afforded a VA examination in March 2014 and was diagnosed with degenerative disc disease. The examiner stated there is no evidence to suggest that the Veteran's military service impacted his current condition. The opinion is inadequate as the examiner did not comment upon the Veteran's competent report of having back symptoms during basic training and a continuity of symptoms during service and back symptoms since separation. See Dalton v. Nicholson, 21 Vet. App. 23 (2007). Consequently, a remand is required for an addendum nexus opinion.

Accordingly, the case is REMANDED for the following action:

1. Return the file to the examiner that provided the March 2014 opinion to prepare an addendum to the VA examination report. If that examiner is unavailable, the claim file must be sent to another examiner with appropriate expertise. All indicated studies must be performed and the findings reported in detail. The entire claim file, to include all electronic files, must be reviewed by that examiner, and they must conduct all indicated tests. 

The examiner is to provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's current back disability is related to his active service. 

The examiner is also to provide an opinion as to whether degenerative joint disease manifested within a year of discharge.

The examiner is advised that the Veteran reports low back pain since service. 

The examination report must include a complete rationale for all opinions expressed. If the examiner feels that a requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training).

2. Readjudicate the appeal. If the benefit sought remains denied, issue a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



______________________________________________
D. JOHNSON
Acting Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs