﻿Citation Nr: AXXXXXXXX
Decision Date: 11/13/18 Archive Date: 11/13/18

DOCKET NO. 180927-462
DATE: November 13, 2018
ORDER
Entitlement to service connection for sleep apnea syndrome is denied.
FINDINGS OF FACT
1. Prior favorable findings indicate a diagnosis of obstructive sleep apnea in December 2008 by private medical examination.
2. The evidence of record is insufficient to show that the Veteran’s sleep apnea was incurred during or aggravated by the Veteran’s periods of active duty service.
CONCLUSION OF LAW
The criteria for service connection for sleep apnea syndrome have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. § 3.303.
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran served in the United States Air Force National Guard, to include active duty from August 2004 to October 2004, February 2006 to April 2006, March 2010 to June 2010, September 2011 to January 2012, September 2012 to March 2013, April 2013 to October 2013, November 2013 to May 2014, and June 2014 to December 2014. 
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program.
Service connection for sleep apnea syndrome
The Veteran contends that his sleep apnea was the result of or aggravated by his active duty period of service. 
The Board finds that the evidence of record is insufficient to show that the Veteran’s sleep apnea was incurred in or aggravated by his active duty period of service such that service connection is warranted.
Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may be established for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that disease was incurred in service. 38 C.F.R. § 3.303(d).
Generally, to prevail on a claim of service connection on the merits, there must be competent evidence of (1) current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence or other competent evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. See Hickson v. West, 12 Vet. App. 247 (1999); Jandreau v. Nicholson, 492 F.3d at 1372.
Service connection may be granted for a disability or injury incurred in or aggravated by “active military service.” 38 U.S.C. § 1110; 38 C.F.R. § 3.303. The term “active military, naval, or air service” includes any period of ACDUTRA during which the individual concerned was disabled from a disease or injury incurred or aggravated in line of duty. This term also includes any period of inactive duty for training (INACDUTRA) during which the individual was disabled from an injury incurred or aggravated in line of duty. Thus, the Veteran may be entitled to service connection for a disorder if it is shown that this disorder had its onset during a period of ACDUTRA or is related to an injury incurred during a period of ACDUTRA or INACDUTRA. 
Turning to the evidence of record, the evidence indicates that the Veteran’s initial diagnosis of sleep apnea did not occur during any of the Veteran’s active duty service periods; however, the Veteran also raises the theory that his sleep apnea was aggravated by his periods of service. Therefore, analysis will turn to whether there is evidence of an increase in severity during his periods of active military service.
The Veteran’s service treatment records to not indicate an increase of severity of sleep apnea during his periods of active military service.
In April 2018 buddy statements, two of the Veteran’s fellow servicemen reported noticing the Veteran’s snoring while serving with him in the winter of 2006. They also stated that the Veteran would make gasping sounds and would seem to stop breathing. 
In an April 2018 private medical opinion, the examiner stated that it was more likely than not that the Veteran’s sleep apnea was aggravated or incurred during active service. The examiner explained that the Veteran had been under his care since December 2008, and he was familiar with his history. The examiner then stated that the Veteran had diagnoses of chronic sinusitis, nonallergic rhinitis, obstructive sleep apnea syndrome, and deviated nasal septum hypertrophic turbinates. The examiner went on to report that a January 2009 polysomnogram demonstrated obstructive sleep apnea syndrome of mild severity that was worse during REM. The examiner also reported that the polysomnogram revealed severe sleep architecture fragmentation due to respiratory events, and more so with snoring. The examiner further reported that the February 2009 polysomnogram revealed curative effect of CPAP at 9 cm. The examiner listed the current treatment for the Veteran’s disability. Finally, the examiner noted that the Veteran felt that this was incurred or aggravated during active service. The examiner also stated that the Veteran also felt his sleep apnea was aggravated by his posttraumatic stress disorder, which made it difficult to tolerate his CPAP in order to sleep, which further worsened his daytime somnolence related to obstructive sleep apnea. For these reasons, the examiner concluded that it was more likely than not that the Veteran’s symptoms may have been aggravated or incurred during active service.
After review of the record, the Board finds that the Veteran’s sleep apnea was not incurred during active duty service, and the evidence is insufficient to show aggravation of this disability during active duty service. While the April 2018 medical opinion provides a positive nexus opinion, it does not provide adequate reasons and bases for the conclusions reached. The examiner did not provide a relationship for the Veteran’s active military service and his current disability, nor did he provide a rationale for how the evidence demonstrated an increase in severity of the Veteran’s sleep apnea during his periods of active military service. Instead, the physician merely recites the Veteran’s lay statements as basis for his opinions. See LeShore v. Brown, 8 Vet. App. 406 (1995) (mere transcription of lay history, unenhanced by any additional medical comment by the transcriber, does not become competent medical evidence merely because the transcriber is a medical professional.). Therefore, the Board finds this opinion to have low probative weight in the deciding of this claim. 
The Board has considered the Veteran’s contention, and that of his buddy statements, that his active military periods of service resulted in or aggravated his sleep apnea syndrome. Although lay persons are competent to provide opinions on some medical issues, as to the specific issue in this case, determining the etiology of sleep apnea falls outside the realm of common knowledge of a lay person. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). In this regard, while the Veteran and his colleagues can competently report his symptoms, any opinion regarding whether the Veteran’s current sleep apnea is related to his service requires medical expertise that the Veteran nor his colleagues have not demonstrated. See Jandreau v. Nicholson, 492 F. 3d 1372, 1376 (2007). As such, the Board assigns no probative weight to the Veteran’s and his colleagues’ assertions that his sleep apnea was incurred in or aggravated by his active military service.
For the foregoing reasons, the Board finds that the preponderance of the evidence is against a grant of service connection for sleep apnea. In reaching the above conclusion, the Board has considered the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claim, that doctrine is not applicable, and service connection must be denied. See 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990). 
 
 
 
JENNIFER HWA
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD C. Ford, Associate Counsel