﻿Citation Nr: AXXXXXXXX
Decision Date: 11/14/18 Archive Date: 11/14/18

DOCKET NO. 180906-67
DATE: November 14, 2018
ORDER
Entitlement to service connection for a thoracolumbar spine disability is denied.
FINDING OF FACT
The Veteran’s thoracolumbar spine degenerative arthritis did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not established; and the preponderance of the evidence is against finding that the Veteran has a thoracolumbar spine disability due to a disease or injury in service, to include specific in-service event, injury, or disease.
CONCLUSION OF LAW
The criteria for service connection for a thoracolumbar spine disability are not met. 38 U.S.C. §§ 1112, 1113, 1131, 1137, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a)-(b), (d), 3.307, 3.309(a).
 
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran had active military service from September 1978 to September 1981.
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
The Board notes that the July 2018 rating decision, rendered after the Agency or Original Jurisdiction (AOJ) received the Veteran’s request for higher-level review, found that new and relevant evidence had been received and that the claim was being reconsidered. As such, the Board will only address the underlying claim of service connection for a thoracolumbar spine disability. 
1. Entitlement to service connection for a thoracolumbar spine disability
The Veteran contends that that his current back disorders are related to back complaints during his active duty service. On his VA Form 9, Appeal to Board of Veterans’ Appeals, received in June 2017, the Veteran stated that he worked as a generator repairer in the Army in 1980 and lifted three to four generators a day, that he has suffered with back pain since, and that his pain had increased over the years.
Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active service, even if the disability was initially diagnosed after service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. 
Certain chronic diseases, such as arthritis, will be presumed related to service if they were noted as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if continuity of the same symptomatology has existed since service, with no intervening cause. 38 U.S.C. §§ 1101, 1112, 1113, 1137; Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2012); Fountain v. McDonald, 27 Vet. App. 258 (2015); 38 C.F.R. §§ 3.303(b), 3.307, 3.309(a). 
To prevail on the issue of service connection there must be evidence of a current disability, in-service incurrence or aggravation of a disease or injury; and a causal relationship between the present disability and the disease or injury incurred or aggravated during service. See Shedden v. Principi, 381 F.3d 1163, 1166–67 (Fed. Cir. 2004). 
The Board notes that there is evidence of a current disability. The Veteran has been diagnosed as having lumbosacral strain, degenerative arthritis of the spine, and intervertebral disc syndrome. See November 2015, Back (Thoracolumbar Spine) Conditions, Disability Benefits Questionnaire (DBQ).
In addition, there is evidence in service of complaints of back pain and back diagnoses. The Veteran’s service treatment records indicate that he sought treatment for back pain in service. In October 1978, the Veteran complained of lower back pain mainly on the right side for one day. He stated that he developed sudden onset of back pain while on a ladder the day prior. There was full range of motion, no loss of sensation or strength, negative straight leg raising, and equal deep tendon reflexes bilaterally. Assessment was strain. In June 1979, the Veteran sought treatment for lower back pain. The Veteran stated that it happened while taking physical training test. In May 1980, the Veteran sought treatment for back pain for three days. The Veteran stated that he was lifting crates from a truck when he felt a stabbing pain. Physical examination demonstrated slight deformity from scoliosis otherwise examination was normal. Assessment was muscle strain. In December 1980, the Veteran sought treatment for low back pain for one day. Again, assessment was muscle strain. 
The questions for the Board are (1) whether there is evidence that the Veteran’s thoracolumbar spine arthritis manifested to a compensable degree in service or within the applicable presumptive period; (2) whether there is evidence of continuity of symptomatology that has existed since service; and (3) whether there is evidence of a causal relationship between any of his current thoracolumbar spine disorders and his complaints of back pain and diagnoses of strain during service.
The Board concludes that, although the Veteran has been diagnosed as having thoracolumbar spine arthritis, which is a chronic disease under 38 U.S.C. § 1101(3)/38 C.F.R. § 3.309(a), it was not manifest to a compensable degree in service or within a presumptive period. There was no arthritis noted on x-rays of the Veteran’s lumbar spine in March 1993 or in September 2004. See Long Beach VA Medical Center (VAMC) records, received July 2004, Veterans Benefit Management System (VBMS); September 2004, Spine Examination; and San Jose VAMC records, received August 2007, VBMS. It was not until November 2014 that MRI of the lumbar spine showed degenerative disease. See West Los Angeles VAMC records, received July 2016 in Compensation and Pension Record Interchange (CAPRI)/VBMS.
As such, the Veteran was not diagnosed with lumbar spine arthritis until many years after his separation from service and many years outside of the applicable presumptive period. 
The Board also concludes that there is no credible evidence of continuity of lumbar spine symptomatology that has existed since service. To the extent that the Veteran reports continuity of lumbar spine symptoms since service, the Board finds his allegations to be of limited probative value. The file contains a Report of Medical History completed by the Veteran in September 1987 for enlistment in the Army Reserve, he specifically denied ever having recurrent back pain. As such, the Board finds that any assertions by the Veteran as to the continuity of symptomatology of his lumbar spine pain since service to be less than credible.
The Board further finds that the preponderance of the evidence is against finding that a medical nexus exists between the Veteran’s current thoracolumbar spine diagnoses and his back problems during his active duty service. 38 U.S.C. §§ 1110, 1131; Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a), (d). 
The Board initially notes that there is a difference of opinion among the medical professionals. 
As noted above, the Veteran underwent VA examination in September 2004 at which time the Veteran was diagnosed as having chronic lumbar disc disease. The examiner opined that it was more likely that the lumbar disability was not due to an injury which occurred while on active duty. The examiner noted that the Veteran had no significant positive objective findings on examination and that plain x-rays were normal. The examiner noted that a review of the service treatment records indicated only two complaints of low back pain occurring about a year apart, that both were relatively minor and did not result in any prolonged discomfort or disability, and that there were no records of complaints of low back pain or treatment for low back pain during the Veteran’s last two years on active duty. 
In an August 2015 letter, a VA psychiatric clinical pharmacist specialist noted that the Veteran was a power generator mechanic from 1979 to 1981 and worked on a generator that was attached to a heavy meatal place which sat below the working surface of a missile firing unit, a Chaparral; that the only way to work on this unit was to bend deeply over the unit and remove the bolts from the bottom of the unit and pull the entire unit out; that the estimated weight of the unit was 300 pounds; and that he needed to lift three to four units per day. The specialist noted that the Veteran suffered back strain which was evaluated and that he was given light duty on occasion and prescribed medication to relieve his back strain. The specialist noted that the Veteran was undergoing physical therapy and had a TENs unit to help with the pain but that he was still in “extreme pain” and that the pain in his back could go up to an 8/10. The specialist noted that the Veteran was diagnosed with degenerative disc disease and that he had arthritis in his knees, both of which were likely caused by his service in the military. 
As noted above, the Veteran underwent VA examination in November 2015 at which time the Veteran was diagnosed as having lumbosacral strain, degenerative arthritis of the spine, and intervertebral disc syndrome. See November 2015, Back (Thoracolumbar Spine) Conditions, DBQ. The examiner opined that the Veteran’s lumbar spine condition was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. The examiner noted that the Veteran’s service treatment records did not document objective findings consistent with a high energy injury to the soft tissue or osseous structures of his lumbar spine, such as fracture, disc derangement, or posterior ligament complex tear or dislocation and that in the absence of such findings, a posttraumatic or chronic inflammatory process was less likely than not. The examiner also noted that the service treatment records did not document repetitive microtrauma over a prolonged period that would be required to initiate and sustain a posttraumatic or chronic inflammatory process. 
Of record is a May 2017 VA Primary Care Attending Note which indicates low back pain as an active problem and notes that the Veteran’s original injury began in 1979 when he was a generator mechanic and he had to lift power units of a Chaparral mobile missile firing unit. The provider, a VA physician, noted that the Veteran was cared for in the army for his back complaints, was placed on light duty, took motrin, and would go back to pulling three to four units a day and replacing three units a day. The provider noted that the Veteran had pain throughout this time and sometimes had stabbing at the end of the day, left the military in 1981, went into the Reserves in 1985 and had the same duties with the missile firing units, and eventually had to leave the Reserves early due to pain. See West Los Angeles VAMC records, received July 2017 in CAPRI/VBMS.
In determining the probative value to be assigned to a medical opinion, the Board must consider three factors: whether a medical expert was fully informed of the pertinent factual premises (i.e., medical history) of the case; whether the medical expert provided a fully articulated opinion; and whether the opinion is supported by a reasoned analysis. The most probative value of a medical opinion comes from its reasoning. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Therefore, a medical opinion containing only data and conclusions is not entitled to any weight. In fact, a review of the claims file does not substitute for a lack of a reasoned analysis. See Nieves-Rodriguez; see also Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (“[A] medical opinion... must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions.”). 
Here, the September 2004 VA examiner incorrectly noted only two in-service complaints of low back pain occurring about a year apart and that there were no records of complaints of low back pain or treatment for low back pain during the Veteran’s last two years on active duty. As noted above, the Veteran’s service treatment records noted low back pain in October 1978, June 1979, May 1980, and December 1980. A such, the September 2004 VA examiner’s opinion is based on an inaccurate factual premise and is not probative. Reonal v. Brown, 5 Vet. App. 458, 461 (1993). 
In addition, the August 2015 opinion by the VA psychiatric clinical pharmacist specialist was provided without a thorough rationale. As such, the opinion is inadequate as it is unsupported by clinical evidence. Black v. Brown, 5 Vet. App. 177, 180 (1995). 
Further, the May 2017 VA Primary Care Attending Note is a bare transcription of lay history, unenhanced by additional comment by the transcriber. As such, it is not competent medical evidence merely because the transcriber is a health care professional. LeShore v. Brown, 8 Vet. App. 406, 409 (1995). 
In contrast, the November 2015 VA examiner was aware of the Veteran’s medical history, provided a fully articulated opinion, and furnished a reasoned analysis. The Board, therefore, attaches the most probative value to this opinion as it is well reasoned, detailed, and consistent with other evidence of record. See Prejean v. West, 13 Vet. App. 444, 448-9 (2000) (Factors for assessing the probative value of a medical opinion include the thoroughness and detail of the opinion).
Although the Veteran believes that his thoracolumbar spine disability is related to an in-service injury, event, or disease, including episodes of back pain and diagnoses of strain during service, he is not competent to provide a nexus opinion in this case. This issue is also medically complex, as it requires specialized medical education/knowledge of the interaction between multiple organ systems in the body/the ability to interpret complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence.
Accordingly, the Board concludes that the preponderance of the evidence is against the claim for service connection, and the benefit-of-the-doubt rule enunciated in 38 U.S.C. § 5107(b) is not for application. 

 
YVETTE R. WHITE
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD P. Olson, Counsel