﻿Citation Nr: AXXXXXXXX
Decision Date: 02/22/19 Archive Date: 02/21/19

DOCKET NO. 181015-597
DATE: February 22, 2019

ORDER

Entitlement to service connection for tinnitus is denied.

FINDING OF FACT

The Veteran’s tinnitus had onset in 2003 and was not incurred in and is not otherwise related to his active service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for tinnitus have not been met. 38 U.S.C. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309 (2017).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from October 1981 to October 2001.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in various sections of 38 U.S.C.A, 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for claimants dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran has a separately pending claim of entitlement to service connection for sleep apnea that is currently awaiting Higher-Level Review at the agency of original jurisdiction (AOJ). See September 2018 Deferred Rating Decision. Therefore, that claim is not before the Board and will not be discussed in this decision.

The RO initially adjudicated the claim of entitlement to service connection for tinnitus in an April 2004 rating decision. The Veteran did not appeal that decision. The RO reopened the claim of entitlement to service connection for tinnitus and then denied it on the merits in a January 2007 rating decision. The RO reopened the tinnitus claim in a February 2016 Rating Decision in connection with the current appeal. The reopening constitutes a favorable finding in favor of the Veteran, so will not be disturbed and the criteria for reopening a claim need not be addressed. The Board will proceed to the merits of the claim.

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C. §§ 1110 and 1131; 38 C.F.R. § 3.303. To prevail on the issue of service connection, there must be competent evidence of a current disability; medical evidence, or in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and competent evidence of a nexus between an in-service injury or disease and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Further, where the veteran asserts entitlement to service connection for a chronic disease but there is insufficient evidence of a diagnosis in service, service connection may be established under 38 C.F.R. § 3.303(b) by demonstrating a continuity of symptomatology since service, but only if the chronic disease is listed under 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331, 1338-39 (Fed. Cir. 2013). The Veteran's claim relates to tinnitus which is encompassed by the list of chronic diseases under 38 C.F.R. § 3.309(a). See M21-1MR, Part III.iv.4.B.12.a. (noting "other organic diseases of the nervous system" includes sensorineural hearing loss and tinnitus). Therefore, the Board has applied the provisions of 38 C.F.R. § 3.303(b) pertaining to continuity of symptomatology in analyzing the Veteran's claim. As discussed below, however, the Veteran’s tinnitus had onset after the presumptive period, so service connection is not warranted on the basis of continuity of symptomatology.

For disabilities that are not listed as chronic, under 38 C.F.R. § 3.309(a), the only avenue for service connection is by showing in-service incurrence or aggravation under 38 C.F.R. § 3.303(a), or by showing that a disease that was first diagnosed after service is related to service under 38 C.F.R. § 3.303(d). See Walker, 708 F.3d at 1338-39. Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2018).

VA previously made favorable findings that the Veteran was exposed to hazardous noise during his active service and that he currently has tinnitus. See September 2018 Rating Decision. These favorable findings are binding on the Board. The only remaining element of the Veteran’s claim is a nexus between his current tinnitus and his in-service exposure to hazardous noise.

The Veteran has stated on several occasions that his tinnitus began at least two years after his active service. See November 2006 VA Examination (“two years after service began to develop bilateral changes to his hearing….and that these changes were accompanied by the onset of the symptom of tinnitus”; “Veteran has experienced gradual onset of hearing loss and tinnitus beginning in 2003.”); January 2016 VA Examination (“Veteran reported constant ringing crickets that he first noticed ‘since I guess 2008.’”); January 2007 VA Audiology Note (“a recent onset of tinnitus with hearing difficulties”). The medical evidence of record is consistent with that finding (e.g., medical records do not contain reports of tinnitus during service or until over two years after service). The Veteran has submitted a private treatment record that indicates onset at least by the late 1990s. See August 2015 Private Progress Note (“Initially started years ago (19); he was then field artillery in the military”). This record documents the Veteran’s report, rather than being an independent medical conclusion. See LeShore v. Brown, 8 Vet. App. 406, 409 (1995) (lay statements “simply…recorded by a medical examiner” do not constitute “competent medical evidence”). The Board finds the Veteran’s multiple statements dating onset to after service are entitled to more weight as at least some of them came earlier in the claims process and they are more consistent with the record as a whole. In contrast, there are not additional, earlier statements (such as during service) that would lend greater credibility to the 2015 lay assertion. See, e.g., August 2001 VA Examination (general medical examination finding ears normal and failing to document any complaints about hearing or ringing in ears); Kahana v. Shinseki, 24 Vet. App. 428, 440 (2011) (Lance, J., concurring) (the silence in a medical record can be weighed against lay testimony if the alleged injury, disease, or related symptoms would ordinarily have been recorded in the medical record being evaluated by the fact finder). Importantly, the Board is not finding that the Veteran’s 2015 assertion is not credible because there are not corroborating records. See Buchanan v. Nicholson, 451 F. 3d 1331, 1335 (Fed. Cir. 2006) (lack of records does not, in and of itself, render lay testimony not credible). Rather, the assertions in 2015 regarding in-service onset are an outlier from both earlier (2006) and later (2016) statements by the Veteran dating onset as beginning after discharge. The Board finds that the Veteran’s tinnitus began no earlier than 2003, roughly two years after his discharge from active service.

The Veteran has asserted his own belief that the onset of tinnitus in 2003 was related to exposure to hazardous noise during his active service. While a lay person is competent to report (1) symptoms observable to a layperson (e.g. ringing in the ears); (2) a diagnosis that is later confirmed by clinical findings; or (3) a contemporary diagnosis, the Board need not find a lay witness competent to render opinions regarding the cause of a medical condition that began years after the asserted injury, nor need the Board give any probative weight to such lay assertions. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); King v. Shinseki, 700 F.3d 1339, 1344-45 (Fed. Cir. 2012). The Veteran, who lacks medical training, is not competent to opine on whether a current tinnitus may be related to events during service where there was a delay in the onset of noticeable symptoms for several years. See, e.g., Jandreau, 492 F.3d at 1377.

The determination of the matter requires reliance on the competent evidence of record. As will be explained, the greater weight of the competent evidence of record is against the claim.

The Veteran has submitted evidence from his private medical provider. In particular, the provider stated that “It is noted that patient has history of loud noise exposure in the military that could be responsible for the high-pitched hearing loss which is the etiology of subjective tinnitus.” See August 2015 Private Progress Note. This private opinion is entitled to no probative weight in favor of the Veteran’s claim for two reasons. First, the opinion is stated in terms (i.e., could) that do not meet the required evidentiary standard. See Bloom v. West, 12 Vet. App. 185, 187 (1999) (“By using the term ‘could,’ without supporting clinical data or other rationale, [the expert’s] opinion simply is too speculative to provide the degree of certainty for medical nexus evidence.”). Second, the opinion relates the tinnitus to the Veteran’s hearing loss (“…hearing loss…is the etiology of subjective tinnitus”), rather than directly to noise exposure during service. The Veteran is not service-connected for hearing loss, so, to the extent the opinion would warrant probative weight, it weighs against direct service connection for tinnitus.

The VA treatment records contain one note that suggests a connection to service. See February 2007 VA Otolaryngology Note (“bilat tinnitus from years of artillery”). However, the note contradicts the November 2006 VA Examination, a January 2006 VA Audiology Note, and later records. The Board interprets the note as reflecting the Veteran’s report. However, even assuming it reflects the medical opinion of the otolaryngologist, it contains no reasoning or discussion that is possible to weigh against the negative evidence of record. The Board assigns this note no probative weight either for or against the claim.

Two VA examiners have opined on the etiology of the Veteran’s tinnitus.

The January 2006 VA examiner opined that the Veteran’s tinnitus had onset after service and that the tinnitus is not related to in-service noise exposure. The examiner explained that the Veteran’s tinnitus “is more likely than not…an emerging medical problem unrelated to his history of military noise exposure.” The opinion also discusses the Veteran’s hearing loss (which is linked to the tinnitus) and other factors such as age, genetics, and a possible retrocochlear lesion that might be responsible for hearing loss and associated tinnitus.

The January 2016 VA examiner similarly opined that the Veteran’s tinnitus was less likely than not caused by or a result of military noise exposure. The examiner noted post-service onset (supported by multiple medical records, as discussed above) and probable association with hearing loss (rather than noise exposure).

The VA examiners’ opinions are based on accurate medical history, contain sufficient explanation and reasoning to warrant probative weight, and, particularly in combination, are persuasive. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). The greater weight of the evidence is against finding that the Veteran’s tinnitus was incurred during service or was caused by in-service noise exposure. The claim of entitlement to service connection for tinnitus is denied.

 

MICHELLE L. KANE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Kerry Hubers, Counsel