﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 191203-47625
DATE: August 31, 2020

ORDER

Entitlement to a disability rating in excess of 50 percent for chronic adjustment disorder is denied.

FINDING OF FACT

The severity, frequency, and duration of the Veteran’s symptoms did not more closely approximate occupational and social impairment with deficiencies in most areas.

CONCLUSION OF LAW

The criteria for a disability rating in excess of 50 percent for chronic adjustment disorder are not met. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.7, 4.126, 4.130, Diagnostic Code 9440.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served from June 1977 to December 1982.

This matter is before the Board of Veterans Appeals (Board) on appeal from a rating decision issued by the Department of Veterans Affairs (VA) under the legacy system in September 2018. The Veteran submitted a timely notice of disagreement, and the agency of original jurisdiction (AOJ) issued a statement of the case (SOC) in November 2019. The Veteran opted the appeal into the modernized review system by submitting a December 2019 VA Form 10182, selecting the direct review docket. Therefore, the Board may only consider the evidence of record at the time of the November 2019 SOC. 38 C.F.R. § 20.301. The Board is bound by favorable findings made by the AOJ. 38 C.F.R. § 3.104(c).

Legal Standards

The Veteran’s service-connected chronic adjustment disorder is evaluated at 50 percent disabling for the appeals period, under the criteria of Diagnostic Code (DC) 9440, which provides that the disability is evaluated pursuant to the General Formula for Mental Disorders (General Formula). See 38 C.F.R. § 4.130.

Under the General Formula, the Board must conduct a “holistic analysis” that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-18 (Fed. Cir. 2013).

A 50 percent rating is assigned when symptoms such as flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; or difficulty in establishing and maintaining effective work and social relationships cause occupational and social impairment with reduced reliability and productivity.

A 70 percent rating is assigned when symptoms such as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); or inability to establish and maintain effective relationships cause occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood.

A 100 percent rating is assigned when symptoms such as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; or memory loss for names of close relatives, own occupation or own name cause total occupational and social impairment.

Record Evidence

In his initial claim of June 2018, the Veteran contends that he experiences “near-continuous depression” affecting his ability to function and causing him difficulty in adapting to stressful circumstances.

The Veteran concurrently submitted a private evaluation made in May 2018 by a Licensed Independent Clinical Social Worker, who evaluated the Veteran as often feeling upset, hyper-focused on controlling the details of his daily routine, sadness, anger, and frustration, with varied moods, anxiety, worry, and irritability. The evaluation also noted that the Veteran was functioning at a “fairly high” level despite these symptoms.

The Veteran underwent a VA examination in July 2018. The examiner recorded the Veteran stating that his mental health issues included avoidance of social situations, “embarrassing social issues” related to his service-connected colitis, and a fixation on the awareness of the location of restrooms. The Veteran stated that these issues affect his relationship with his wife, and that he felt his condition and depression was getting worse.

The examiner noted that the Veteran presented as well groomed, had maintained his living situation with his wife, and was able to independently complete self-care and regular household chores. The Veteran had not lost his job or suffered from substance abuse or suicidal ideations.

The examiner opined that the Veteran had adjustment disorder, and that his symptoms resulted in “moderate functional impairment” to the Veteran’s ability to maintain relationships and overall mood. The examiner also opined that because the Veteran had not reported problems maintaining full time employment, the Veteran was not likely to be affected in his work.

The Veteran submitted a May 2019 lay statement in support of his claim which was received in June 2019. The Veteran stated that he experienced significant lifestyle restrictions related to his service-connected colitis, and that his need to continually plan for access to a restroom contributed to his depression and made him anxious and distressed. The Veteran stated that, by way of example, he would avoid common social situations such as long car rides, and that this avoidance was adversely affecting his relationship with his wife. The Veteran also stated that he experienced similar restrictions of his workplace activities, and experienced depression and embarrassment from having to leave work functions so frequently.

Before the close of the record, the Veteran submitted a May 2019 private medical opinion. The private examiner agreed with the diagnosis of anxiety disorder and separately indicated that the Veteran had major depressive disorder. The examiner noted his avoidance of social and other activities, and recorded symptoms including depression, anxiety, near-continuous depression or panic, mood disturbances, difficulty adapting to stressful circumstances, and obsessional rituals which interfere with routine activities.

Analysis

The issue in this appeal is whether the Veteran’s associated symptoms caused the level of impairment required for a disability rating of 70 percent or higher.

The AOJ made the following favorable findings: that the Veteran has service-connected chronic adjustment disorder, which is secondary to the Veteran’s service-connected colitis, with an effective date of March 22, 2018, and with a rating of 50% for the entire period on appeal.

The Board concludes that the Veteran’s symptoms do not cause the level of impairment required for a disability rating of 70 percent or higher. The Veteran’s symptoms more closely approximate the symptoms associated with a 50 percent rating, and result in a level of impairment that most closely approximated the level of impairment associated with a 50 percent rating for the period on appeal.

The Veteran makes two specific contentions concerning the weight and probative value of the May 2019 private medical opinion. First, the Veteran contends that the AOJ improperly discounted the May 2019 private medical opinion. The AOJ cited Leshore v. Brown, 8 Vet. App. 406 (1995) as a reason it gave the opinion little weight, and the Veteran contends that this is an incorrect application of Leshore.

The Board agrees that the AOJ incorrectly applied Leshore. Leshore holds that a medical opinion containing “information recorded by a medical examiner, unenhanced by any additional medical comment,” is not competent medical evidence. Id. at 409. The Board finds that the May 2019 private examiner did not merely “record” the Veteran’s assertions of his symptoms. Leshore, therefore, is inapplicable to this opinion.

Second, the Veteran contends that because the May 2019 private medical opinion concludes that the Veteran suffers from “impairment with deficiencies in most areas,” the Veteran is correspondingly entitled to a rating of at least 70 percent. The Veteran specifically points to Section 3A of the opinion, which records the Veteran’s symptoms as resembling “impairment with deficiencies in most areas.” The Veteran, then, is contending that the examiner’s opinion of the overall level of impairment and the appropriate rating for the Veteran is entitled to high, if not dispositive, weight.

The May 2019 private medical opinion cannot be used, standing alone, to automatically justify entitlement to any specific rating. To the extent that the Veteran is contending that the examiner’s opinion about the appropriate rating for the Veteran should have probative value, a medical examiner’s conclusion about an appropriate rating is not entitled to any weight. Finding entitlement to a compensable rating is the responsibility of a rating specialist, not a medical examiner. Medical examiners and adjudicators have regulatorily distinct roles: “The medical examiner provides a disability evaluation and the rating specialist interprets medical reports in order to match the rating with the disability.” Moore v. Nicholson, 21 Vet. App. 211, 218 (2007), rev’d on other grounds sub nom. Moore v. Shinseki, 555 F.3d 1369 (Fed. Cir. 2009). The examiner’s opinion as to the appropriate rating for the Veteran is entitled to no weight. The Board will consider the proper weight and probative value of the remainder of the opinion alongside the rest of the evidence using the standard principles for evaluating medical evidence.

Mental status evaluations in private treatment records and the July 2018 VA examination indicate that the Veteran’s symptoms primarily include, but are not limited to, depression, irritability, and anxiety related to the problems arising from his service-connected colitis; and that these symptoms affect his ability to participate in routine activities, negatively affect his work environment, and negatively affect his personal relationships. These symptoms approximate disturbances of motivation and mood and difficulty in establishing and maintaining effective work and social relationships.

The record also shows that the Veteran has been able to independently engage in self-care, feeding, clothing, and household maintenance. The Veteran presented as well-groomed at the July 2018 VA examination with overall intact judgment. The May 2018 treatment evaluation assessed the Veteran as functioning at a “fairly high” level even considering his symptoms. The Veteran has, even considering his current problems, continued to maintain a job and a relationship with his spouse. And, although not dispositive, the Veteran has not shown impaired orientation, memory loss, or other such symptoms of impaired judgment or thinking. See Vazquez-Claudio, 713 F.3d at 117-18. This more closely approximates reduced occupational and social functioning of the Veteran’s life, not deficiencies in most areas.

The Board acknowledges the assessment of symptoms that are examples of the type and degree of symptoms for a 70 percent evaluation, and that the Veteran need not demonstrate those exact symptoms to warrant a 70 percent rating. See Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002). While the Veteran did experience symptoms contemplated by a 70 percent rating — difficulty in adapting to stressful circumstances and “obsessional” rituals which interfere with routine activities — the evidence overall does not demonstrate the level of impairment associated with a 70 percent rating.

The May 2019 private medical opinion diagnoses these symptoms, but does not discuss what, if any, functional impairment they have. Whether a physician provides a basis for his medical opinion goes to the weight or credibility of the evidence in the adjudication of the merits. See Hernandez-Toyens v. West, 11 Vet. App. 379, 382 (1998). The opinion only concludes that the Veteran has these symptoms and does not contain a reasoned discussion or explanation of their functional impairment on the Veteran’s life. Weighed against the rest of the evidence of record, the Board finds that even considering these symptoms, the Veteran’s overall functional impairment more closely approximates occupational and social impairment with reduced reliability and productivity.

To the extent that the Veteran contends that he is entitled to a 70 percent rating merely because at least one of these recorded symptoms is consistent with a 70 percent rating, the regulations do not require this. The question is whether the Veteran’s symptoms, taken as a whole, more closely approximate the criteria for any specific rating. 38 C.F.R. § 4.7; see Bankhead, 29 Vet. App. at 22.

The Board acknowledges the Veteran’s diagnosis of major depressive disorder in the same May 2019 private medical opinion. Depression is already incorporated into the symptomatology of chronic adjustment disorder and the current rating. The opinion does not contain a reasoned discussion or explanation of its functional impairment on the Veteran’s life. For the reasons discussed above, the Board finds that it does not warrant a higher rating or a separate category of entitlement.

The Board acknowledges the Veteran’s lay statements supporting frequent, or near-continuous, episodes of depression, as well as the Veteran’s lay statement asserting that his disease and depression have generally gotten worse. The Veteran does not show that the severity of his depression has so affected his ability to function independently, appropriately, or effectively to warrant a higher rating. Further, the Veteran’s statement concerning his condition getting worse was made at the July 2018 VA examination, and the record does not show evidence to indicate this has changed since the Veteran made this statement at the exam. As discussed, the record shows that Veteran is able to maintain independent functioning in several areas of his life and does not show that his symptoms have caused an inability to establish or maintain work or familial relationships. The Board further concludes that because the Veteran’s symptoms for the period on appeal do not more closely approximate a 70 percent or higher rating, a staged rating is not warranted. Fenderson v. West, 12 Vet. App. 119, 126 (1999).

The Board acknowledges the Veteran’s difficulties cause him increased and frequent incidences of negative motivation and moods including anxiety, frustration, and anger, and the Board acknowledges the increased incidences of frustration and anger that the Veteran expresses to other people. The Board further acknowledges the problems the Veteran has faced in maintaining personal and work relationships. The Board notes that the Veteran has not reported an inability to work or a breakdown in his familial relationships such that he would be unable to establish or maintain such relationships.

The Board acknowledges the substantial lifestyle restrictions the Veteran’s service-connected colitis imposes on him. But many of the specific problems the Veteran reports are logistical problems caused by the Veteran’s service-connected colitis that would present even in the absence of a diagnosed mental disorder. The Board acknowledges the difficulties these cause to the Veteran’s life, but the medical evidence of record does not show them to be symptoms of chronic adjustment disorder.

The Board finds the level of impairment caused by the Veteran’s symptoms more closely approximates the level associated with a 50 percent rating, as the Veteran experienced occupational and social impairment with reduced reliability and productivity. The preponderance of the evidence is against the claim; therefore, the benefit of the doubt rule does not apply. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. 

(Continued on the next page)

 

Accordingly, the Veteran is not entitled to a rating of greater than 50 percent. 38 U.S.C. § 1155; 38 C.F.R. § 4.130.

 

 

J. B. FREEMAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Michael D. Wagner, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.